# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHERYL WULTZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08-cv-1460 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56 (D.D.C. 2001); *see also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).  Plaintiffs seek leave to file a surreply to BOC's reply to plaintiffs' opposition to the Bank of China's (BOC) motion to dismiss.  Pls.' Mot. for Leave to File Br. Surreply, Sept. 29, 2009, ECF No. 53.

Plaintiffs allege that BOC raised new issues in its reply: improper venue under 18 U.S.C. § 2334(a), inapplicability of Israeli Civil Wrongs Ordinance § 13(a), and implications that plaintiffs misled the Court by failing to provide a translation of a particular Israeli Supreme Court case.  *Id.*; Reply in Further Supp. of Pls.' Mot for Leave to File Br. Surreply, Oct. 5, 2009, ECF No. 57.  BOC retorts that the "contention is wrong" that BOC raised the issue of venue for the first time in its reply; that the declaration submitted by Kenneth Mann in BOC's reply, which plaintiffs' allege added a new argument concerning facial inapplicability, did not raise any new argument; and that the two-month delay in procuring a translation of the Israeli Supreme Court

case renders plaintiffs' motion untimely. Def. BOC's Opp'n to Pls.' Mot for Leave to File Br. Surreply, Oct. 2, 2009, ECF No. 55. The Court agrees with plaintiffs and disagrees with BOC on all points.

First, BOC raised the issue of venue for the first time in its reply. BOC's contention that "[t]his contention is wrong," *id.* at 2, is, for lack of a better word, wrong. The *only* mention of the word "venue" in BOC's 45-page motion to dismiss is in a footnote pondering why "[p]laintiffs and their counsel may have chosen this forum." Def. BOC's Mot. to Dismiss the 1st Am. Compl. 16 n.6, Mar. 5, 2009, ECF No. 15 [hereinafter BOC's Mot.]. BOC posits that the reason must have been "because of their focus on the defendants who are foreign state and foreign government officials . . . and the venue provision specifying that for a civil action 'brought against a foreign state or political subdivision thereof,' this District is the appropriate venue." *Id.* (quoting 28 U.S.C. § 1391(f)(4)). Indeed, that section, along with "the rules of pendent venue," are what plaintiffs plead as the basis for the propriety of venue in this district. 1st Am. Compl. ¶ 4, Jan. 13, 2009, ECF No. 12. But nowhere in its motion to dismiss does BOC contest the propriety of venue, either under § 2334(a) or any other theory. BOC's reply, which devotes several pages to the subject, is the first document in which BOC makes any allegations as to the impropriety of venue. Reply Mem. of P. & A. in Support of Def. BOC's Mot. 4–9, July 24, 2009, ECF No. 42 [hereinafter BOC's Reply]. Accordingly, plaintiffs will be permitted to file their surreply to respond to this new issue.

Second, BOC also raised the issue of facial inapplicability of § 13(a) of the Israeli Penal Law for the first time in a declaration submitted with its reply. Dr. Kenneth Mann, BOC's expert on Israeli law, declared that any civil action for violation of § 63 of Israel's Civil Wrongs Ordinance could not be based on § 13(a) of Israel's Penal Law; it would instead have to be based

2

on § 13(b).  Mann Decl. ¶¶ 11–13, July 24, 2009, ECF No. 42-1.  Dr. Mann declares in detail his analysis of why § 13(a) does not apply, *id.*, building on the previously submitted declaration of Peter Gad Naschitz, who merely declared without additional discussion that § 13(a) is "not applicable to this case," Naschitz Decl. ¶ 20, Mar. 1, 2009, ECF No. 15-14.  Because BOC developed this argument for the first time in its reply, plaintiffs will be permitted to file their surreply to it.

Finally, BOC implied nefariousness on the part of plaintiffs in its reply by noting that it is "curious" that "[p]laintiffs have supplied no translation of *Yinon [Food Prods Mfg. & Mktg., Ltd. v. Kara'an]*, the decision [of the Israeli Supreme Court] to which they attach so much importance."  BOC's Reply 23 n.23.  The Court does not share BOC's timeliness concerns, particularly considering that no time restriction applies to the submission of a motion for leave to file a surreply.  Therefore, to allow plaintiffs to dispel any implication of nefariousness, and to assist the Court in adjudicating whether plaintiffs have properly pled their Israeli-law claims, the Court will permit plaintiffs to submit their translation now.

A separate order consistent with this Memorandum shall issue this date.

Signed by Chief Judge Royce C. Lamberth, Chief Judge, on October 20, 2010.