UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERYL WULTZ, et al.,        ) | |
|                      ) | |
|      Plaintiffs,      ) | |
|                      ) | |
|      v.              ) | No. 1:11-cv-01266 (SAS) |
|                      ) | |
| BANK OF CHINA, LTD.    ) | |
|                      ) | |
|      Defendant.     ) | |
|                      ) | |

## [Proposed] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

### A.  PURPOSES AND LIMITATIONS

The Parties to the above-captioned action agree that disclosures and discovery activity in the litigation of the above-captioned action (the "Litigation") may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Litigation will be warranted. Accordingly, at the request of the Parties, the Court hereby adopts the following Protective Order ("Order").

### B.  DEFINITIONS

1.    "Party" shall mean any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Disclosure or Discovery Material" shall include, but not be limited to, all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts or tangible things), that are produced or generated in disclosures or responses to discovery in this Litigation.

3.      "Producing Party" shall mean a Party that produces Disclosure or Discovery Material in this Litigation.

4.      "Receiving Party" shall refer to a Party that receives Disclosure or Discovery Material from a Producing Party.

5.      "Designating Party" shall mean a Party that designates Disclosure or Discovery Material as Confidential pursuant to paragraph F.3. of this Order or Highly Confidential pursuant to paragraph F.4. of this Order.

6.      "Confidential Information" shall include documents that (a) contain or are derived from trade secrets or other proprietary or sensitive commercial or financial information; or (b) contain or are records in the possession of BOC relating to financial information of persons who are not parties to this litigation; or (c) contain or are derived from personal private financial, medical, employment, educational information or disclose the current or past location of a Party.

7.      "Highly Confidential Information" shall include documents that that a Designating Party believes to be either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a Party or its employees or customers, or that a Party believes to be of such a highly personal nature that it may expose a person to risk of harm.

8.      "Confidential Information or Material" or "Highly Confidential Information or Material"(collectively, "Protected Material") shall mean all Disclosure or Discovery Material, or portions thereof, as well as any copies, summaries or abstracts thereof, which have been designated by the Designating Party as Confidential pursuant to paragraph F.3. of this Order or Highly Confidential pursuant to paragraph F.4. of this Order.

9.    "Counsel" shall mean attorneys who are not employees of a Party but who are retained to represent or advise a Party.

10.    "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation. This definition includes a professional jury or trial consultant retained in connection with this Litigation.

11.    "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

12.    "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

C.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court prior to trial or in other settings that might reveal Protected Material.

The provisions of this Order extend to all designated Protected Material regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a Party in response to or in connection with any

3

discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

**D.      DURATION**

Even after the termination of this Litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**E.      USE OF DISCLOSURE OR DISCOVERY MATERIAL**

All Disclosure or Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of the Litigation shall be used solely for the purpose of the prosecution or defense of the Litigation, preparation of the Litigation for trial, or enforcement of any judgment entered in this matter.

**F.      DESIGNATING PROTECTED MATERIAL**

1.      Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

2.      Each Producing Party wishing to designate material for protection under this Order must clearly so designate that material before it is disclosed or produced.

3.      The Designating Party shall label or mark Disclosure or Discovery Material produced to any other Party that is deemed to contain Confidential Material as follows:

4

> CONFIDENTIAL: This document is subject to a Protective Order regarding confidential information in 11-cv-01266 (SAS), United States District Court for the Southern District of New York.

4.      The Designating Party shall label or mark Disclosure or Discovery Material produced to any other Party that is deemed to contain Highly Confidential Material as follows:

> HIGHLY CONFIDENTIAL: This document is subject to a Protective Order regarding confidential information in 11-cv-01266 (SAS), United States District Court for the Southern District of New York.

5.      The Producing Party will designate Electronic Data as "Confidential" or "Highly Confidential" in a cover letter identifying the information generally. When feasible, the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any Party to whom Electronic Data designated as "Confidential" or "Highly Confidential" is produced reduces such material to hardcopy form, such Party shall mark such hardcopy form with the legends provided for in paragraph F.3. or F.4. above. Whenever any Electronic Data designated as "Confidential" or "Highly Confidential" is copied into another file, all such copies shall also be marked "Confidential" or "Highly Confidential," as appropriate.

6.      Stamping or writing the designated legend on the cover of the first page of any multi-page Disclosure or Discovery Material shall so designate all pages of such Disclosure or Discovery Material, unless otherwise indicated by counsel for the Designating Party. Confidentiality designations shall be made for good cause.

7.      Should the Producing Party inadvertently fail to mark Disclosure or Discovery Material as Confidential or Highly Confidential at the time of production, counsel for the Producing Party shall promptly notify counsel for all Receiving Parties upon discovery of the inadvertent production. Correction of an omission of the Confidential or Highly Confidential

designation and notice thereof shall be made in writing by counsel for the Producing Party, accompanied by substitute copies of each document or thing appropriately marked Confidential or Highly Confidential, as appropriate. Within ten (10) business days of receipt of these substitute copies, counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Disclosure or Discovery Material and all copies; and all summaries and abstracts thereof shall be maintained as Protected Material by the Party or their counsel which created such copies, summaries or abstracts.

## G.    DEPOSITION TESTIMONY

1.    In the case of depositions upon oral examination, if counsel for a Party has a reasonable and good faith belief that any question or answer contains Confidential Information or Material, counsel for that Party shall so state on the record at the conclusion of the deposition or during the next break in the deposition, whichever is earlier, and shall either request at that time that all pages that include such Confidential Information or Material be marked Confidential or Highly Confidential or submit a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available. Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portion(s) of the transcript and exhibits that constitute or contain Protected Material and are to be marked as Confidential or Highly Confidential, as appropriate. The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential

6

Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION;" and "DESIGNATED PARTS NOT TO BE USED, COPIED OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER." If all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the videocassette, other videotape container or DVD shall be labeled with these legends.

2.      When testimony designated as containing Protected Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

3.      Transcripts containing testimony or exhibits designated as containing Confidential Information or Material shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL" and shall be treated in accordance with the provisions of this Order.

4.      Transcripts containing testimony or exhibits designated as containing Highly Confidential Information or Material shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS HIGHLY CONFIDENTIAL MATERIAL" and shall be treated in accordance with the provisions of this Order.

## H.      ACCESS TO, USE AND DISCLOSURE OF PROTECTED MATERIAL

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation, or for enforcement of any judgment entered in this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

2.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Confidential only to:

a.     Counsel for the Parties who are actively engaged in the conduct of the Litigation on behalf of the named Parties, including partners, associates, secretaries, legal assistants of such counsel, and any other person in the employ of such counsel to the extent reasonably necessary to render professional services;

b.     The Court and those employed by the Court;

c.     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

d.     Any witness at a deposition or at a hearing, or to the extent reasonably necessary in the preparation of such witness for such deposition or hearing, and to counsel for the witness;

e.     Court reporters or persons operating video equipment who record depositions or other testimony in the Litigation;

f.     Outside consultants or Experts retained for the purpose of assisting counsel in the Litigation, but only to the extent the disclosure of Confidential Information or Material is directly related to and reasonably necessary to counsel's prosecution of the Litigation;

8

g.      Professional Vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with the prosecution of the Litigation;

h.      Any other person after written consent given by counsel for the Designating Party; and

i.      Clients, to the extent necessary to fulfill counsel's obligations of attorney-client communications.

4.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Highly Confidential only to:

a.      Outside counsel for the Parties who are actively engaged in the conduct of the Litigation on behalf of the named Parties, including partners, associates, secretaries, legal assistants of such counsel, and any other person in the employ of such counsel to the extent reasonably necessary to render professional services;

b.      The Court and those employed by the Court;

c.      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

d.      Any witness at a deposition or at a hearing, or to the extent reasonably necessary in the preparation of such witness for such deposition or hearing, and to counsel for the witness. However, if the third-party witness is a competitor, customer, or regulator of the Designating Party, or an employee or agent of a competitor, customer, or regulator of the Designating Party, then the Party wishing to make such disclosure shall meet and confer with the Designating Party

9

a reasonable period in advance of such use to discuss the procedures for treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections;

e.    Court reporters or persons operating video equipment who record depositions or other testimony in the Litigation;

f.    Outside consultants or Experts retained for the purpose of assisting counsel in the Litigation, but only to the extent the disclosure of Confidential Information or Material is directly related to and reasonably necessary to counsel's prosecution of the Litigation;

g.    Professional Vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with the prosecution of the Litigation;

h.    Any other person after written consent given by counsel for the Designating Party; and

i.    Clients, to the extent necessary to fulfill counsel's obligations of attorney-client communications.

5.    If any Receiving Party desires to provide Protected Material produced by a Producing Party to any person(s) not set forth in paragraph H.3. or paragraph H.4., and if the Parties cannot resolve the matter consensually, the Party seeking to make such disclosure may not do until the Court orders that such disclosure is appropriate.

6.    It shall be the responsibility of counsel giving access to Confidential Information or Material produced by the Producing Party to create and retain records indicating that the

person receiving Confidential Information or Material agreed to be bound by the terms and restrictions of this Order.

## I.   FILING OF PROTECTED MATERIAL WITH THE COURT

1.   Documents and materials filed with the Court:

a.   Any Confidential Information or Highly Confidential Information filed with or submitted to the Court prior to trial shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL INFORMATION") and "SUBJECT TO COURT ORDER" and words in substantially the following form:

> This envelope contains documents that are filed under seal in this case by [name of party] and, by Order of this Court dated _____, 2010, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

b.   Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document.

c.   Only those portions of such documents and materials containing or reflecting Confidential Information or Highly Confidential Information shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.

11

d.   Any sealed document may be opened by the presiding Judge or designated Magistrate, the presiding Judge's or designated Magistrate's law clerks, and other necessary Court personnel without further order of the Court.

e.   Each document filed under seal may be returned to the Party that filed it under the following circumstances:  (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the ruling of the last reviewing court that disposes of this litigation in its entirety is filed.  If the Party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Producing Party or the Party that filed the sealed document (if not the same as the Producing Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the clerk deems appropriate.

f.   Notwithstanding any provision in this Order to the contrary, any Producing Party may determine to reclassify a document it previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such document under seal if the previously designated Confidential Information or Highly Confidential Information was so designated solely by that Party and all other Parties are notified of the change in classification at the time such material is reclassified.

## J.   INADVERTENT PRODUCTION OF PROTECTED OR PRIVILEGED MATERIAL

1.      The inadvertent production of Disclosure or Discovery Material containing attorney-client privilege or work-product information or any other Protected Material or privileged information will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or protections.

2.      Any Disclosure or Discovery Material inadvertently produced and subject to a subsequent claim of privilege and/or protection shall, upon written request to Counsel for all Receiving Parties made promptly upon learning of the inadvertent production, be returned immediately to counsel for the Producing Party, and neither such Disclosure or Discovery Material, nor copies thereof, shall be retained and/or used by any Receiving Party without either the consent of the Producing Party or an order of the Court. Any Party may then move the Court for an order compelling production of the Disclosure or Discovery Material, but said Party shall not assert as aground for entering such an order the fact or circumstances of the inadvertent production.

## K.   PROTECTED MATERIAL SUBPOENAED BY OR ORDERED PRODUCED TO ANON-PARTY

1.      If any Receiving Party receives a subpoena or other document production request from a non-Party to this Order seeking production or other disclosure of Protected Material produced by a Producing Party in this Litigation, that Party shall notify Counsel for the Designating Party—in writing (by facsimile and email, if possible) immediately and in no event more than five calendar days after receiving the subpoena or document production request—identifying the Protected Material sought and enclosing a copy of the subpoena or request.

2.      The Designating Party shall be entitled to make timely objections to or otherwise challenge the production of the Protected Material including, by reference, the existence of this

Order. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the Confidential Information or Material, no Receiving Party may produce or divulge the contents of the Confidential Information or Material, except with the express written consent of the Designating Party.

## L.   FINAL DISPOSITION

1.      Within 120 days after the entry of a final, non-appealable order disposing of all actions in this Litigation, all Disclosure or Discovery Material, and all copies thereof, including but not limited to, any notes or other transcriptions made therefrom, shall be returned to counsel for the Producing Party or, in lieu thereof, counsel for the Receiving Party shall certify in writing to counsel for the Producing Party the destruction of such Disclosure or Discovery Material.

2.      Counsel for the Receiving Party shall make a reasonable effort to retrieve any Disclosure or Discovery Material, or portions thereof, subject to this Order from any Party or non-party witness and Expert or consultant to whom such information has been given, and shall notify in writing counsel for the Producing Party of any failure to retrieve any such information, the reasons therefore, the identity of the person from whom the Disclosure or Discovery Material, or portions thereof, could not be retrieved, and the identity of any Disclosure or Discovery Material, or portions thereof, not returned.

## M.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the material is produced shall not preclude a subsequent challenge to the designation. In the event a Party objects to the designation of any material under this Order by another Party, the objecting Party first shall consult with the Producing Party to attempt to resolve the differences. If the Parties are unable to reach an accord

as to the proper designation of the material, the objecting Party may, on notice to the other Party, apply to the Court for a ruling that the material shall not be so treated. If such motion is made, the Producing Party will have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as such until the Court rules that they should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

**N.    NON-APPLICATION OF ORDER**

The restrictions set forth above shall not apply to (a) documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party from a source that was not required to maintain the confidentiality of such information.

**O.    NOTIFICATION OF CONFIDENTIALITY ORDER**

All persons who are authorized to receive and are to be shown Protected Material under this Order shall be provided a copy of this Order prior to the receipt of Protected Material. Receipt of the Order indicates consent to be bound by the terms of this Order.

**P.    MODIFICATION OF THE ORDER**

This Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

**Q.    MISCELLANEOUS**

1.    No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

2.    A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

3.    Nothing contained in this Protective Order shall preclude non-parties from submitting objections for ruling by the Court.

4.    Except as specifically provided herein, any violation of this Order is punishable by money damages caused by the violation, including, but not limited to, all attorneys fees, court costs, exhibit costs, expert witness fees, travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

5.    Nothing in this Order shall be construed to apply to any Disclosure or Discovery Material filed with the Court in connection with any trial, summary judgment motion or other hearing or motion that is not related to discovery in this action.

6.    Upon the final resolution of this Litigation, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Litigation.

So Ordered:  New York, New York.

_August 15_, 2011

Hon. Shira Scheindlin
United States District Judge