UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X

SHERYL WULTZ, individually, as personal
representative of the Estate of Daniel Wultz,
and as the natural guardian of plaintiff
Abraham Leonard Wultz; YEKUTIEL
WULTZ, individually, as personal
representative of the Estate of Daniel Wultz,
and as the natural guardian of plaintiff
Abraham Leonard Wultz; AMANDA
WULTZ; and ABRAHAM LEONARD
WULTZ, minor, by his next friends and
guardians Sheryl Wultz and Yekutiel Wultz,

        Plaintiffs,

        - against -

BANK OF CHINA LIMITED,

        Defendant.

--------------------------------------------------------- X

**OPINION & ORDER**

**11 Civ. 1266 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.  INTRODUCTION**

       This suit arises out of a terrorist attack in Tel Aviv, Israel on April 17,

2006.  The attack injured Yekutiel Wultz and led to Daniel Wultz's death on May

14, 2006.  Four members of the Wultz family brought suit against Bank of China

("BOC") on August 28, 2008, more than two years later, alleging acts of

1

international terrorism and aiding and abetting international terrorism under the Antiterrorism Act,[1] as well as non-federal claims that were originally pled under Israeli law, but later converted to claims under Chinese law.[2]  The general facts and procedural history of the case were laid out in previous opinions, and familiarity with them is assumed.[3]

In an Opinion on November 5, 2012, I dismissed all of plaintiffs' non-federal claims except one, which was originally pled as a "vicarious liability" claim.[4]  In response to a request from plaintiffs, I also granted the parties an opportunity to brief BOC's newly asserted argument that plaintiffs' "vicarious liability" claim was time-barred under New York's "borrowing statute."[5]  That briefing is the subject of this Opinion.

For the reasons stated below, plaintiffs' remaining non-federal claim

---

[1]    *See* 18 U.S.C. § 2333.

[2]    *See Wultz v. Bank of China Ltd.*, No. 11 Civ. 1266, 2012 WL 5431013, at *1–2 (S.D.N.Y. Nov. 5, 2012) (describing procedural history of plaintiffs' non-federal claims).

[3]    *See, e.g.*, *Wultz v. Bank of China Ltd.*, — F. Supp. 2d —, No. 11 Civ. 1266, 2012 WL 5378961, at *1 & n.3 (S.D.N.Y. Oct. 29, 2012) (collecting earlier opinions).  *See also Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24 (D.D.C. 2012) (granting default judgment with respect to defendants Islamic Republic of Iran, Syrian Arab Republic, and other Iranian and Syrian defendants).

[4]    *See Wultz*, 2012 WL 5431013, at *4–6.

[5]    *See id.* at *6.

2

is time-barred under New York's "borrowing statute."  BOC's request to amend its

Answer to assert the limitations defense to plaintiffs' remaining non-federal claim

is granted, as is BOC's request simultaneously to dismiss the claim.

## II.   DISCUSSION

"'When diversity of citizenship is the basis of jurisdiction, a federal

court must look to the statute of limitations of the state in which it sits.'"[6]  "New

York courts generally apply New York's statute of limitations even when the

injury giving rise to the action occurred outside New York.  This general rule,

however, is subject to a traditional statutory exception, New York's 'borrowing'

statute."[7]

Under New York's borrowing statute,[8] "when a nonresident plaintiff

---

[6]      *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 277–78 (S.D.N.Y. 2011) (quoting *Cuccolo v. Lipsky, Goodkin & Co.*, 826 F. Supp. 763, 766 (S.D.N.Y. 1993)).  BOC does not contest that this Court "exercises diversity and supplemental jurisdiction over plaintiffs' nonfederal claims."  8/20/12 Memorandum of Bank of China Limited in Support of Motion for Partial Judgment on the Pleadings Dismissing Plaintiffs' Non-Federal Claims at 8.

[7]      *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998) (citations omitted).

[8]      *See* N.Y. C.P.L.R. § 202 ("An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.").

sues upon a cause of action that arose outside of New York, the court must apply

the shorter limitations period, including all relevant tolling provisions, of either:

(1) New York; or (2) the state where the cause of action accrued."[9]  "For the

purposes of the borrowing statute, a cause of action accrues where the injury is

sustained rather than where the defendant committed the wrongful acts."[10]  "Hence,

an action by a nonresident on a foreign cause of action is untimely if it is barred

under the law of either New York or the state where the injury occurred."[11]

> The burden of proving that a particular statute of limitation has
> expired falls on the defendant.  However, the plaintiff bears the
> burden of proving that a particular statute of limitation has been
> tolled.  Finally, when another state's statute of limitations is
> considered pursuant to N.Y. C.P.L.R. 202, the party seeking to
> benefit therefrom bears the burden of proof.[12]

Plaintiffs assume that their remaining non-federal claim accrued in

China.[13]  Because plaintiffs' injury was sustained in Israel, however, BOC is

correct that plaintiffs' cause of action accrued in Israel for the purposes of the

---

[9]  *Stuart*, 158 F.3d at 627 (citing N.Y. C.P.L.R. § 202).

[10]  *Gordon & Co. v. Ross*, 63 F. Supp. 2d 405, 408 (S.D.N.Y. 1999)
(citations omitted).

[11]  *Stuart*, 158 F.3d at 627.

[12]  *Cuccolo*, 826 F. Supp. at 767 n.2 (citations omitted).

[13]  *See* 2/21/13 Plaintiffs' Supplemental Memorandum of Law
Addressing the New York Borrowing Statute ("Pl. Mem.") at 6.

borrowing statute.[14]  The parties agree that Israel has a seven-year statute of limitations for tort claims.[15]  Thus, as BOC states, "[a]ll conceivably relevant New York limitations periods are shorter than Israel's generally-applicable seven-year limitations period."[16]  The viability of plaintiffs' remaining non-federal claim depends on whether the claim is time-barred under the applicable New York limitations period.

"In determining which limitations period is applicable to a given claim, [New York courts] . . . look to the substance of the allegations rather than to the characterization of those allegations by the parties."[17]  "Plaintiffs may not plead untimely intentional tort claims as negligence claims to avoid the one year statute of limitations applicable to intentional torts."[18]  Where the substance of a non-New York claim does not clearly correspond to the substance of any claim under New

---

[14]     *See* 3/14/13 Bank of China Limited's Opposition to Plaintiffs' Supplemental Memorandum of Law Addressing the New York Borrowing Statute ("BOC Opp.") at 3–4.

[15]     *See id.* at 4 n.4 (citing *Prescription Law*, 5718-1958, 12 LSI 129, Art. 5(1) (1957–1958) (Isr.)); 3/22/13 Plaintiffs' Reply Memorandum of Law Addressing the New York Borrowing Statute ("Pl. Reply") at 2 n.1.

[16]     BOC Opp. at 4.

[17]     *Tong v. Target, Inc.*, 922 N.Y.S.2d 458, 459 (2d Dep't 2011) (citing *Western Elec. Co. v. Brenner*, 392 N.Y.S.2d 409 (1977)).

[18]     *Sawyer v. Wight*, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) (citing *Wrase v. Bosco*, 706 N.Y.S.2d 434, 435 (2d Dep't 2000)).

5

York law, "the Court must apply the statute of limitations that applies to the 'most
. . . analogous' cause of action."[19]

Plaintiffs argue that their remaining non-federal claim is more closely
analogous to a negligence claim than an intentional tort, while BOC argues that
plaintiffs' claim is most analogous to an aiding-and-abetting claim where the
primary violation was an intentional tort.[20]  BOC is correct.  Under New York law,

---

[19]     *Seghers v. Morgan Stanley DW, Inc.*, No. 06 Civ. 4639, 2007 WL
1404434, at *7 n.10 (S.D.N.Y. May 10, 2007) (quoting *Stern v. BSL Dev. Corp.*,
557 N.Y.S.2d 89, 89 (1st Dep't 1990), and citing *Brewer for Value-Added
Commc'ns, Inc. Litig. Trust v. New York*, 672 N.Y.S.2d 650 (Ct. Cl. 1998) (finding
an unnamed tort similar to a conversion claim, and applying the conversion statute
of limitations)).  *Accord Solnick v. Whalen*, 49 N.Y.2d 224, 229 (1980) (noting that
lack of a specifically prescribed statute of limitations for an action does not mean
that "the six-year catch-all limitation of CPLR 213 (subd. 1) therefore
automatically or necessarily governs," and concluding that if the substance of a
claim shows that the claim was "open to resolution through a form of proceeding
for which a specific limitation period is statutorily provided, then that period"
applies); *Scholes v. American Kennel Club, Inc.*, No. 98 Civ. 6538, 1999 WL
799532, at *5 (S.D.N.Y. Oct. 7, 1999) ("Because New York does not recognize the
tort of outrage, to ascertain the appropriate New York statue of limitations for such
a claim, the Court is required to identify the New York cause of action that it most
closely resembles.").

[20]     *See* Pl. Mem. at 7–8, 10–15; BOC Opp. at 7–17.  Plaintiffs also argue
that "federal courts apply New York's residual three-year limitations period
governing personal injury when no state law analogue to the asserted claim exists."
Pl. Mem. at 8 (formatting altered).  Plaintiffs cite cases in which the U.S. Supreme
Court and the Southern District of New York were confronted with federal
statutory causes of action for which Congress failed to provide a specific statute of
limitations.  *See* Pl. Mem. at 8–10 (citing *Owens v. Okure*, 488 U.S. 235 (1989)
(determining limitations period for § 1983 claims); *McKenna v. Senior Life Mgmt.,
Inc.*, 429 F. Supp. 2d 695 (S.D.N.Y. 2006) (determining limitations period for

6

> [a] plaintiff seeking to establish a cause of action for aiding and abetting . . . must show: "(1) the existence of a . . . violation by the primary (as opposed to the aiding and abetting) party; (2) 'knowledge' of this violation on the part of the aider and abettor; and (3) 'substantial assistance' by the aider and abettor in the achievement of the primary violation."[21]

These elements capture the substance of plaintiffs' remaining non-federal claim. The claim states that "BOC provided PIJ with banking services which enabled, facilitated, supported and assisted PIJ to carry out the Terrorist Bombing."[22]  The claim also incorporates by reference plaintiffs' allegations that BOC "had actual knowledge" that its customer was transferring funds to the PIJ "for the purpose of

---

federal *qui tam* action)).  In order to fill the gap left by Congress in a uniform way, the Supreme Court held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens*, 488 U.S. at 249–50.  *Owens* and *McKenna* are easily distinguished from the current case, and do not stand for the general principle that federal courts apply New York's residual three-year limitations period governing personal injury when no clear state law analogue to the asserted claim exists.  In *Owens* and *McKenna*, the governing law failed to specify a limitations period.  As a result, the courts had little choice but to supply a period by looking, in part, to policy considerations.  In the current case, by contrast, the limitations period is explicitly supplied by New York's borrowing statute.  Plaintiffs provide no applicable authority for concluding that this Court is at liberty to disregard New York's statute based on policy considerations.  *See* Pl. Mem. at 15–17.

[21]    *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 303 (2d Cir. 2006) (quoting *Samuel M. Feinberg Testamentary Trust v. Carter*, 652 F. Supp. 1066, 1082 (S.D.N.Y. 1987)).

[22]    First Amended Complaint ¶ 154.

7

carrying out terrorist attacks," and that those transfers "enhanced the PIJ's ability to plan, prepare for and carry out such attacks."[23]   Moreover, plaintiffs themselves previously argued, and this Court agreed, that plaintiffs' "vicarious liability" claim "is most akin to one for aiding and abetting," at least in the context of Israeli law.[24] Similarly, in the Opinion dismissing all but one of plaintiffs' non-federal claims under Chinese law, I relied on BOC's expert's argument that plaintiffs' "vicarious liability" claim could be categorized under a form of Chinese joint tort liability "'for one who aids or abets another in the commission of a tort.'"[25]

"The statute of limitations for each aiding and abetting claim is

---

[23]     *Id.* ¶ 77.

[24]     *Wultz v. Bank of China Ltd.*, 811 F. Supp. 2d 841, 850 & n.66 (S.D.N.Y. 2011), *withdrawn on other grounds on reconsideration*, 865 F. Supp. 2d 425 (S.D.N.Y. 2012).  *Accord Wultz v. Bank of China Ltd.*, 860 F. Supp. 2d 225, 236 (S.D.N.Y. 2012) ("Plaintiffs' Sixth Count, which they label 'Vicarious Liability,' alleges that the Bank is liable for aiding and abetting al-Shurafa under § 12 of the Civil Wrongs Ordinance."); 5/19/11 Plaintiffs' Memorandum in Opposition to Bank of China's Motion Concerning the Choice of Law Governing Plaintiffs' Non-Federal Claims at 5–7 ("[N]otwithstanding how plaintiffs have captioned it, their ['vicarious liability'] claim is in substance an 'aiding and abetting' claim.").

[25]     *Wultz*, 2012 WL 5431013, at *6 (quoting Expert Report of Jacques deLisle, Ex. 1 to 8/20/12 Declaration of Mitchell R. Berger, counsel for BOC, ¶ 60).

determined by the underlying tort."[26]  BOC argues that "the underlying torts of the primary tortfeasors — the PIJ — either are intentional torts (assault, battery, and intentional infliction of emotional distress) or would give rise to a 'civil action for wrongful death,'"[27] and thus would be governed by the one-year limitations period for the former or the two-year period for the latter.[28]

Plaintiffs do not squarely address BOC's argument that plaintiffs' "vicarious liability" claim, based on the substance of plaintiffs' allegations, is best understood for limitations purposes under New York law as a claim of aiding and abetting intentional torts (or acts giving rise to a wrongful death claim).[29]  Instead, plaintiffs argue against BOC's alternate argument that plaintiffs' "vicarious liability" claim is "in substance an intentional tort" claim.[30]

---

[26]   *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393 (S.D.N.Y. 2010).  *Accord Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728, 737–38 (S.D.N.Y. 1993) ("Where the primary violation is barred by the applicable  statute of limitations, a claim for aiding and abetting this primary violation fails to state a claim." (citing *Wood v. Wood*, 312 F. Supp. 762, 763 (S.D.N.Y. 1970))).

[27]   BOC Opp. at 12–13.

[28]   *See id.* (citing N.Y. C.P.L.R. § 215(3); N.Y. E.P.T.L. § 5-4.1).

[29]   Indeed, plaintiffs' opening brief appears to accept BOC's position that the underlying causes of action resulting from the PIJ's acts were wrongful death, battery, and intentional infliction of emotional distress.  *See* Pl. Mem. at 7–8.

[30]   Pl. Reply at 6.  *Accord id.* at 8 (criticizing "the proposition that Plaintiffs have essentially pled an intentional tort as negligence").

In the absence of a persuasive counterargument, I agree with BOC that the underlying torts of the PIJ were either intentional torts or acts giving rise to a wrongful death action. Because plaintiffs' "vicarious liability" claim is in substance an aiding and abetting claim, and because the limitations period for an aiding and abetting claim is determined by the underlying tort, plaintiffs' "vicarious liability" claim is governed by, at most, the two-year statute of limitations for wrongful death actions. As noted earlier, the terrorist attack that killed Daniel Wultz and injured Yekutiel Wultz took place on April 17, 2006, and Daniel Wultz died on May 14, 2006.[31] Plaintiffs filed this action on August 28, 2008, more than two years later.[32] Plaintiffs' remaining non-federal claim is therefore time-barred, unless the limitations period was tolled.

Plaintiffs' final defense of their "vicarious liability" claim is to argue that equitable tolling under New York law is a question of fact requiring fact discovery.[33] BOC notes, correctly, that "'New York is not especially hospitable to failures to sue within the periods prescribed by law.'"[34] Equitable tolling is

---

[31]   *See* Pl. Mem. at 2.

[32]   *See id.*

[33]   *See* Pl. Reply at 9.

[34]   BOC Opp. at 21 (quoting *Hakala v. JP Morgan Secs., Inc.*, 356 F. Supp. 2d 355, 357 (S.D.N.Y. 2005)).

intended "'to prevent misconduct on the part of a defendant that makes it unfair for such defendant to hide behind the [limitations] defense and employ it as a weapon to defeat a legitimate cause of action.'"[35]  Plaintiffs have alleged no facts upon which to conclude that BOC "has *actively* concealed its involvement"[36] with the PIJ and Hamas, and therefore that plaintiffs are entitled to equitable tolling. Plaintiffs' argument that "BOC's staunch resistance to fact discovery . . . underscores the *possibility* it engaged in affirmative efforts to conceal its involvement" is conceded to be speculative, and is an insufficient basis for ordering fact discovery as to equitable tolling.[37]  Nothing done by BOC prevented plaintiffs from filing suit in August 2008, and any discovery obstruction after that point does not provide evidence of prior concealment.

## III.   CONCLUSION

For the foregoing reasons, BOC's request to amend its Answer to assert the limitations defense to plaintiffs' claim is granted, as is BOC's request

---

[35]   *Hakala*, 356 F. Supp. 2d at 357 (quoting *Peterson v. Long*, 519 N.Y.S.2d 201, 203 (Sup. Ct. Cattaraugus Co. 1987)).

[36]   Pl. Reply at 9 (emphasis added).

[37]   *Id.* at 10 (emphasis added).  *Cf. Strauss v. Credit Lyonnais, S.A.*, No. 06 Civ. 0702, 2007 WL 2296832, at *6 (E.D.N.Y. Aug. 6, 2007) (rejecting, based on facts generally similar to those of the present case, plaintiffs' attempt to toll limitations period, even under the broader federal standards for diligence-discovery and equitable tolling).

simultaneously to dismiss the claim as time-barred.[38]

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      April 15, 2013
            New York, New York

---

[38]      *See* BOC Opp. at 25.

**- Appearances -**

**For Plaintiffs:**

Lee S. Wolosky, Esq.
Steven I. Froot, Esq.
Marilyn C. Kunstler, Esq.
Jaime Sneider, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2350

**For Defendant:**

Mitchell R. Berger, Esq.
Patton Boggs LLP (DC)
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-5601

Zachary Carter, Esq.
Lanier Saperstein, Esq.
Neil McDonell, Esq.
Eric Epstein, Esq.
Daniel Goldberger, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9309