UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERYL WULTZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF CHINA, LTD., <br><br> Defendant. | NO. 1:11-CV-01266 (SAS) <br><br> DECLARATION OF GINA FREDERIQUE IN SUPPORT OF MOTION TO QUASH OR MODIFY THE SUBPOENA DATED JUNE 20, 2013 |

Gina Frederique, declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Assistant Treasurer in the Legal Department of the foreign New York branch office of Bank Hapoalim B.M. ("Hapoalim"). Hapoalim is headquartered in Israel. The foreign New York branch office where I work is located at 1177 Avenue of the Americas, New York, NY 10036 and is separately licensed by the State of New York ("BHNY"). I respectfully submit this Declaration in support of Hapoalim's Motion to Quash or Modify the Subpoena served on it by Defendant Bank of China, LTD. ("BOC") in connection with the above-captioned matter. I have personal knowledge of the matters described herein.

2. BHNY was initially served with a document subpoena by BOC on September 28, 2012 (the "Document Subpoena"). The Subpoena was sent to the BHNY branch office located in New York City. In response to a request in the Document Subpoena generically seeking bank policies, BHNY produced from its files located in New York internal banking policies (the "New York Internal Policies"). The New York Internal Policies produced are only applicable to BHNY.

3. All other documents responsive to the Document Subpoena were located in Israel. I advised Hapoalim in Israel of the need to gather those documents from its files. The

documents located in Israel consisted of (i) transaction records for specific wire transfers that originated from Hapoalim in Israel (the "Wire Transactions") that were redacted in Israel to comply with the obligations imposed by Israeli law; and (ii) Israeli internal policies that related to the Wire Transactions (the "Hapoalim Israeli Internal Policies").

4. The Wire Transactions have no connection to BHNY and were not processed through BHNY. Therefore BHNY has never possessed, does not retain or does not even have access to the Wire Transactions or any information concerning the Wire Transactions. Similarly, the Hapoalim Israeli Internal Policies that were produced do not apply to BHNY.

5. Another subpoena was served upon BHNY by BOC dated June 20, 2013 and was sent to the BHNY branch office located in New York City. This subpoena is designated a 30(b)(6) subpoena (the "30(b)(6) Subpoena") and demands testimony from an employee of the Bank on 16 broad categories relating to (i) the Wire Transactions; (ii) the Hapoalim Israeli Internal Policies, and the applicability of the Hapoalim Israeli Internal Policies to the Wire Transactions; and (iii) the basis of, and veracity of statements in Hapoalim's annual reports (collectively the "Requested Information"). There are no individuals working in New York who are familiar with or have any relevant information or knowledge pertaining to the Requested Information.

6. Further, it would not be reasonable or practical to educate an employee of BHNY regarding information in which they do not have routine access to, are not familiar with or have no knowledge of.

7. We have informed BOC, through counsel, that the New York Internal Policies produced to BOC do not pertain in any way to the Wire Transactions or the Hapoalim

Israeli Internal Policies. We understand that BOC is therefore not interested in deposing a New York employee concerning the New York Internal Policies.

Dated:  New York, New York
        August 12, 2013

                                                    *[signature]*
                                                    Gina Frederique