UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERYL WULTZ, et al., <br><br> Plaintiffs <br><br> v. <br><br> BANK OF CHINA, LTD., <br><br> Defendant. | NO. 1:11-CV-01266 (SAS) <br><br> **DECLARATION OF CAROL M. GOODMAN, ESQ. IN SUPPORT OF MOTION TO QUASH OR MODIFY THE SUBPOENA DATED JUNE 20, 2013** |

CAROL M. GOODMAN, declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of Herrick, Feinstein LLP, counsel for third party Bank Hapoalim B.M. ("Hapoalim") I respectfully submit this Declaration in support of Hapoalim's Motion to Quash or Modify the Subpoena Dated June 20, 2013 served on it by Defendant Bank of China, LTD. ("BOC") in connection with the above-captioned matter. I have personal knowledge of the matters described herein.

2. Attached as Exhibit 1 is a true and correct copy of the September 28, 2012 document subpoena served on Hapoalim in connection with this matter (the "Document Subpoena"). In response to the Document Subpoena, Hapoalim produced its internal policies as well as certain transaction records -- redacted to comply with the obligations imposed by Israeli law.

3. Attached as Exhibit 2 is a true and correct copy of the June 20, 2013 30(b)(6) Subpoena (the "Subpoena") served on Hapoalim in connection with this matter.

4. Attached as Exhibit 3 is a true and correct copy of the Letters of Requests for International Judicial Assistance Pursuant to the Hague Convention filed June 26, 2013.

5.     Attached as Exhibit 4 is a true and correct copy of the written objections to the Subpoena served upon BOC on July 11, 2013 to facilitate a good-faith discussion during the various meet and confer sessions.

6.     Counsel for Hapoalim and BOC met-and-conferred in good faith regarding the Subpoena on July 3, 11, 16, and 19, 2013.

7.     During the meet-and-confer sessions, I spoke with counsel for BOC (Patton Boggs LLP) and discussed each request set forth in the Subpoena (the "Requests"). Certain of the Requests were clarified as follows:

A.     Counsel for BOC clarified that they only seek testimony concerning bank policies that relate to the wire transfers deposited into the account of BOC client Said al-Shurafa (the "Shurafa Wire Transactions"). After I confirmed that the New York policies produced do not pertain to the Shurafa Wire Transactions, counsel for BOC confirmed that they were not interested in deposing a New York employee on the New York policies.

B.     Counsel for BOC clarified that Subpoena Requests 8 and 9 do not only seek information about Hapoalim's general policies and procedures, but also seek testimony concerning the application (or lack of application) of such policies to the Shurafa Wire Transactions.

C.     Counsel for BOC clarified that Subpoena Requests 13 and 14 seek not only authentication of statements in Hapoalim's annual reports but also seek testimony concerning the basis of (i.e. an explanation), and veracity of, such statements.

D.     In discussing Hapoalim's position concerning Federal Rule of Civil Procedure 45's territorial requirements, I informed that no New York bank

employee possesses knowledge of the Shurafa Wire Transactions or of the Israeli policies. Counsel for BOC set forth its position that Hapoalim is required to educate a New York witness to testify in connection with the Subpoena in New York.

8. During the various meet-and-confers BOC did not dispute that Israeli confidentiality and secrecy laws exist or even that they apply to certain of the Requests in the Subpoena. Rather, their stated position is that the relevant international comity factors weigh in BOC's favor because the information they seek is purportedly highly relevant and necessary. According to BOC's counsel, they seek testimony from Hapoalim to disprove Plaintiff's allegation that BOC was warned about its client by the Israeli officials.

9. During the meet-and-confer sessions, counsel for BOC pointed us to pre-trial submissions in Linde v. Arab Bank, Civil Case No. 1:04-cv-02799-NG-VVP (E.D.N.Y.), which they believe indicates that New York employees of Hapoalim were going to provide trial testimony in New York on confidential Israeli issues. I have reviewed recent filings in the Linde matter on the CM/ECF system. In its pre-trial submissions, Plaintiff identified one former Hapoalim New York employee, one former Israeli employee and one current Israeli employee only to elicit testimony concerning "banking and industry standards." There is no indication in the record of which I am aware that indicates that any employees of Hapoalim will be required to testify as to confidential Israeli issues. It is further my understanding that no Hapoalim employee has been served with a subpoena for trial testimony in the Linde matter.

Dated: New York, New York
August 12, 2013

_____
Carol M. Goodman, Esq.