UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERYL WULTZ, et al.,                                    :

                 Plaintiffs,               :          <u>OPINION AND ORDER</u>

  -v.-                                                        :

                                        11 Civ. 1266 (SAS) (GWG)

BANK OF CHINA LTD.,                                      :

                 Defendant.               :
------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**


<u>Appearances of Counsel</u>

For Defendant Bank of China, Ltd.:  Mitchell Berger, Alan T. Dickey, Patton Boggs LLP,
Washington, D.C.; James E. Tyrell, Jr. Elissa J. Glasband, Patton Boggs LLP, New York, NY


For Nonparty Bank Hapoalim B.M.: Carol M. Goodman, Janice I. Goldberg, Herrick Feinstein
LLP, New York, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHERYL WULTZ, et al.,                                    :

               Plaintiffs,                      :          <u>OPINION AND ORDER</u>

  -v.-                                                  :

                                           11 Civ. 1266 (SAS) (GWG)
BANK OF CHINA LTD.,                                  :

               Defendant.                       :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Bank of China, Ltd ("BOC") has served the New York branch of Bank Hapoalim B.M., a non-party, with a deposition subpoena. The subpoena invokes Rule 30(b)(6) of the Federal Rules of Civil Procedure to seek testimony from Bank Hapoalim about topics that Bank Hapoalim's New York employees know nothing about. BOC contends that Bank Hapoalim should be required to educate an employee in its New York branch about these topics. We hold that Rule 30(b)(6) cannot be used to extend the subpoena power of this Court beyond the confines of Rule 45 and thus grant Bank Hapoalim's motion to quash the subpoena.

I.     <u>BACKGROUND</u>

     A.    <u>The Underlying Case</u>

      Plaintiffs Sheryl, Yekutiel, Amanda, and Abraham Wultz ("the Wultzes") allege that BOC and several other named defendants provided material support and resources to a terrorist organization called the Palestine Islamic Jihad ("PIJ"), and in doing so, helped facilitate a suicide bombing attack in Tel Aviv, Israel, on April 17, 2006. <u>See</u> First Amended Complaint, filed Jan. 13, 2009 (Docket # 12) ("Am. Compl."), ¶¶ 1-2. As a result of this attack, Sheryl and Yekutiel's son Daniel died, and Yekutiel suffered serious injuries. <u>Id.</u> ¶ 3. The Wultzes seek

1

damages against BOC under the Anti-Terrorism Act, 18 U.S.C. § 2333 and other legal

provisions. Id. ¶ 1. They allege that BOC assisted the PIJ by executing dozens of wire transfers

totaling several million dollars to a PIJ senior operative named Said al-Shurafa. See id. ¶¶ 68-

76. BOC asserts that it cannot be held liable under the Anti-Terrorism Act because there is no

evidence that it had actual knowledge of any connection between the PIJ and the wire transfers.

See Defendant Bank of China Limited's Motion to Dismiss the First Amended Complaint, filed

Mar. 5, 2009 (Docket # 15), at 25. The Wultzes, however, allege that Israeli counter-terrorism

representatives met with officials of the People's Republic of China in April 2005 and warned

them that PIJ wire transfers were being made to Shurafa's BOC account. See Am. Compl. ¶ 77.

      B.    The Document Subpoena

      To dispute the claim that Israeli officials warned it about the wire transfers, BOC

subpoenaed a nonparty Israeli bank, Bank Hapoalim B.M. ("Hapoalim"), for documents

pertaining to any transactions involving Shurafa. See Document Subpoena, dated Sept. 28, 2012

("Doc. Sub.") (annexed as Ex. 1 to Declaration of Carol Goodman in Support of Motion to

Quash, filed Aug. 12, 2013 (Docket #297)("Goodman Decl.")). BOC's logic is that if Hapoalim

conducted transactions with Shurafa, then Israeli officials must not have informed Hapoalim

about Shurafa's terrorist connections. See Memorandum of Law by Bank of China in

Opposition to Motion to Quash Subpoena, filed Aug. 26, 2013 (Docket #303) ("BOC Mem."), at

2-5. And if the Israeli officials did not inform an Israeli bank such as Hapoalim about Shurafa, it

would be unlikely that they would have informed a Chinese bank such as BOC. See id.

      Although Hapoalim is headquartered in Israel, BOC served the document subpoena on

Hapoalim's branch office in New York. See Doc. Sub. Hapoalim responded to the subpoena by

producing internal policy documents and transaction records. See Declaration of Gina

Frederique in Support of Motion to Quash, filed Aug. 12, 2013 (Docket #296) ("Frederique Decl."), ¶¶ 2-3.

      C.      <u>The Disputed Subpoena</u>

On June 20, 2013, BOC served Hapoalim with a second subpoena, which sought a deposition of Hapoalim pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> Deposition Subpoena, dated June 20, 2013 (annexed as Ex. 2 to Goodman Decl.) ("Dep. Sub."). The subpoena lists sixteen topic areas, many with multiple subparts. The subpoena seeks, for example, an explanation of the content of the Shurafa transaction records, the circumstances surrounding the Shurafa transfers, the compliance procedures in place at Hapoalim's Israeli office at the time of the transfers, any communications between Hapoalim and the Israeli government concerning Shurafa and the transfers, the process by which the Israeli government communicates with Hapoalim about terrorist organizations, and explanations of statements in Hapoalim's annual reports relating to these areas. <u>See</u> <u>id</u>.

As part of the briefing on this motion, Hapoalim has offered undisputed evidence that the wire transactions at issue have no connection to the branch office of Hapoalim in New York and that the policies sought in the subpoena do not apply to the New York branch. Frederique Decl. ¶ 4. Most significantly, "[t]here are no individuals working in New York who are familiar with or have any relevant information or knowledge pertaining to" the topic areas described in the subpoena, including the wire transactions, Bank Hapoalim's internal policies as they relate to the transactions, and the basis for statements in Bank Hapoalim's internal reports. <u>Id</u>. ¶ 5.

On August 12, 2013, Hapoalim filed the instant motion to quash or modify the subpoena

pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure.[1]

## II.    DISCUSSION

In support of its motion to quash, Hapoalim makes several arguments.  First, Hapoalim contends that the subpoena violates Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure because there are no employees with knowledge of the subpoena's topic areas located in its New York branch.  Hapoalim Mem. at 7-8.  Hapoalim also argues that the Court should exercise its discretion to prevent disclosure on grounds of international comity because enforcing the subpoena would require Hapoalim to violate Israeli law prohibiting the disclosure of privileged or confidential information.  See id. at 2-3.  Finally, Hapoalim argues that the subpoena must be quashed or at least modified because it calls for information that is cumulative, irrelevant, or improper.  See id. at 3-4.  Because we conclude that Fed. R. Civ. P. 45 requires us to quash the subpoena, we do not reach the other issues raised.

### A.    Subpoenas Pursuant to Rule 30(b)(6)

Fed. R. Civ. P. 30(b)(6) provides in relevant part that a party's subpoena for deposition testimony

> may name as the deponent a public or private corporation. . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons

---

[1] See Notice of Motion by Bank Hapoalim to Quash Subpoena, filed Aug. 12, 2013 (Docket #294) ; Declaration of Ehud Arzi in Support of Motion to Quash, filed Aug. 12, 2013 (Docket #295); Frederique Decl.; Goodman Decl.; Memorandum of Law in Support of Motion by Nonparty Bank Hapoalim to Quash Subpoena, filed Aug. 12, 2013 (Docket # 298) ("Hapoalim Mem."); BOC Mem.; Declaration of Elissa Glasband in Opposition to Motion to Quash, filed Aug. 26, 2013 (Docket #304); Reply Memorandum of Law in Support of Motion by Nonparty Bank Hapoalim to Quash Subpoena, filed Sept. 4, 2013 (Docket #313); Second Declaration of Ehud Arzi in Support of Motion to Quash, filed Sept. 4, 2013 (Docket #314).

4

designated must testify about information known or reasonably available to the organization.

This rule is available to obtain the deposition not only of a party but also of a nonparty by means of a subpoena issued under Fed. R. Civ. P. 45. <u>See</u> Fed. R. Civ. P. 30(a)(1) (the "attendance of witnesses may be compelled by subpoena as provided in Rule 45"); <u>accord</u> <u>Price Waterhouse LLP v. First Am. Corp.</u>, 182 F.R.D. 56, 61 (S.D.N.Y. 1998) ("A nonparty entity may be subject to a subpoena for deposition testimony in accordance with Rule 30(b)(6).")

B.   <u>Rule 45(c)(3)(A)(ii) Territorial Restriction</u>

Under Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." The purpose of this rule is to protect nonparty witnesses "from being subjected to excessive discovery burdens in litigation in which they have little or no interest." <u>In re Edelman</u>, 295 F.3d 171, 178 (2d Cir. 2002) (citing <u>Price Waterhouse LLP</u>, 182 F.R.D. at 63). Courts have found that Rule 45(c)(A)(ii) applies to deposition testimony sought pursuant to Rule 30(b)(6). <u>See</u> <u>Price Waterhouse LLP</u>, 182 F.R.D at 63 ("[A]ny contention that a subpoena served pursuant to Rule 30(b)(6) need not comply with . . . Rule 45(c) would fly in the face of the intent of Rule 45(c) which is to protect nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have their depositions taken.") (quotation marks omitted) (citing <u>Stanford v. Kuwait Airlines Corp.</u>, 1987 WL 26829, at *3 (S.D.N.Y. Nov. 25, 1987)). Thus, courts have quashed subpoenas to nonparties where the subpoena called for the testimony of an employee of the subpoenaed organization who was not located within Rule 45's territorial restrictions. <u>See</u> <u>Price Waterhouse LLP</u>, 182 F.R.D at 63 (quashing subpoena where the

5

knowledgeable employees of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact[ ] business in person" in the court's jurisdiction); In re ANC Rental Corp., 2002 WL 34729302, at *1 (E.D. Pa. June 20, 2002) (quashing subpoena that commanded nonparty's corporate designee to "travel over 1,200 miles"); RP Family, Inc. v. Commonwealth Land Title Ins. Co., 2011 WL 6020154, at *4 (E.D.N.Y. Nov. 30, 2011) (quashing subpoena to witness designated pursuant to Rule 30(b)(6) outside territorial limit where "the individual who has been selected as the 30(b)(6) witness to answer these questions appears to be the most competent" and "there appears to be no comparable employee located in New York with the requisite knowledge necessary to answer the questions at issue"); see also Cates v. LTV Aerospace Corp., 480 F.2d 620, 623 (5th Cir. 1973) ("a person designated by an organization pursuant to Rule 30(b)(6) could not be required to travel outside of the limits imposed by" the former version of  Rule 45(c)(3)(A)(ii)).

Here, there is no evidence disputing Hapoalim's contention that none of its employees who live and work in New York have any knowledge of the information sought by the subpoena. Frederique Decl. ¶¶ 5-6.  Thus, in order to produce a knowledgeable designee for the deposition, Hapoalim would presumably have to send an employee from Israel to New York, a distance much greater than 100 miles, a result plainly barred by case law.

BOC's argument is a simple one: because this Court has "jurisdiction" over Hapoalim's New York branch office, any information within the knowledge of the Hapoalim corporate entity is discoverable by means of a Rule 30(b)(6) subpoena to the New York branch office.  See BOC Mem. at 25-26.  The fact that no individual from Hapoalim with knowledge of the subpoenaed topics "resides, is employed, or regularly transacts business in person" within Rule 45's territorial restrictions is of no moment.  Instead, BOC's view is that Rule 30(b)(6) requires

Hapoalim to "educate" a New York employee about the subpoenaed information.  See id. at 26.
BOC contends that because Hapoalim could, under this scenario, designate a New York
employee to testify without violating the restrictions of Rule 45(c)(3)(A)(ii), it has a duty to do
so under Rule 30(b)(6) even if it means educating a New York employee who has no knowledge
of the subpoena's topic areas.

We reject this argument.  Certainly, Rule 30(b)(6) imposes upon subpoenaed
corporations the duty to "make a conscientious good-faith endeavor to designate the persons
having knowledge of the matters sought . . . and to prepare those persons in order that they can
answer fully, completely, unevasively, the questions posed . . . ."  SEC v. Morelli, 143 F.R.D.
42, 45 (S.D.N.Y. 1992) (citations omitted); see also Reilly v. Natwest Markets Group Inc., 181
F.3d 253, 268 (2d Cir. 1999) ("[T]he corporate deponent has an affirmative duty to make
available such number of persons as will be able to give complete, knowledgeable and binding
answers on its behalf.")  However, in the case of nonparties subpoenaed pursuant to Rule 45, a
corporations's duty to respond to a subpoena is subject to the requirements of Rules 45(c)(1) and
45(c)(3)(A)(iv), which mandate that a court must quash a subpoena that subjects a person to
"undue burden."  Here, the topics that would be the subject of BOC's proposed "education"
exercise have nothing to do with the New York branch.  They are also extensive in scope,
including an explanation of the content of wire transfer records that Hapoalim has given BOC
pursuant to the first subpoena, information about the circumstances surrounding the alleged wire
transfers made to Shurafa as well as any deviations from the Hapoalim's normal policy and
procedures in relation to those transfers, information about any communications made between
Hapoalim and the Israeli government pertaining to Shurafa and the Shurafa wire transfers, an
explanation of various internal policies in place at Hapoalim's offices in Israel, a description of

7

the procedures Hapoalim typically follows for communicating with the Israeli government concerning security and counter-terrorism matters, and information about the process that the Israeli government normally undertakes in notifying Hapoalim about terrorist organizations and operatives.  <u>See</u> Dep. Sub.  It would be unreasonable to expect Hapaolim's employees with knowledge of these areas to educate an individual in New York who has no knowledge about them whatsoever.

   BOC has pointed to no case that has imposed such a requirement.  To the contrary, the only cases that have dealt with this question of which this Court is aware have uniformly quashed subpoenas in these circumstances.  For example, in <u>Sokolow v. Palestine Liberation Organization</u>, 2012 WL 3871380 (S.D.N.Y. Sept. 6, 2012), the court quashed a Rule 30(b)(6) deposition subpoena served on the British Broadcasting Corporation in New York because "the BBC ha[d] asserted it does not have any witnesses in the United States who may speak to the" deposition topics.  <u>Id.</u> at 4.  In <u>Estate of Klieman v. Palestinian Authority</u>, 2013 WL 5273923 (D.D.C. Sept. 19, 2013), the plaintiffs served a deposition subpoena on the BBC's Washington D.C. Bureau office.  The BBC represented that it did not employ "any individual in or near Washington, D.C., who could serve as a deponent for this matter, and that every person who could serve as a deponent resides and works in the United Kingdom."  <u>Id.</u> at *3.  The court concluded that a subpoena under these circumstances violated the plain language of Rule 45 because it would require a nonparty to "travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."  <u>Id.</u> (quoting Fed. R. Civ. P. 45(c)(3)(C)(ii)).  As is true here, the party issuing the subpoena argued that the BBC was obligated under Rule 30(b)(6) to "<u>create</u> a witness or witnesses located within 100 miles of this Court with responsive knowledge."  <u>Id.</u> (internal quotation marks and citation omitted)

8

(emphasis in original).  Estate of Klieman rejected this argument, noting the burden such a course of action would place on the BBC and finding that a "contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses."  Id. at *4.[2]

Finally, BOC contends that it would not be burdensome for Hapoalim employees to comply with the subpoena because certain Israeli Hapoalim employees have been identified as possible witnesses in a case in the Eastern District of New York.  See BOC Mem. at 28-29. BOC reasons that if Hapoalim employees travel to New York to testify in the Eastern District case, then BOC can depose those same employees for this case.  See id.  This arguments is rejected because the future travel plans of a particular employee are irrelevant for purposes of Rule 45, which allows a subpoena only to a party who "resides, is employed, or regularly transacts business in person" within the territorial limits.

III.    CONCLUSION

For the foregoing reasons, Bank Hapoalim's motion to quash (Docket #294) is granted. SO ORDERED.

---

[2]  None of the cases cited by BOC suggest a contrary rule, let alone hold otherwise.  In re Edelman, 295 F.3d at 178, actually supports Hapoalim's argument inasmuch as it found that while there was personal jurisdiction over the subpoenaed corporate director who worked out-of-state, Rule 45(c) might nonetheless require quashing the subpoena.  See id. at 180-81 (remanding the case to determine whether the movant "qualifies as an 'officer' of a party . . . and therefore can be compelled to travel more than 100 miles from home and work").  Soroof Trading Development Co., Ltd. v. GE Fuel Cell Systems, LLC, 2013 WL 1286078 (S.D.N.Y. March 28, 2013) and Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd., 171 F.R.D. 135 (S.D.N.Y. 1997) did not involve Rule 45 subpoenas at all and merely discuss the responsibilities of an entity receiving a Rule 30(b)(6) deposition notice.

Dated: October 15, 2013

New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge