UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERYL WULTZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:11-cv-01266 (SAS) (GWG) |
| | ) |
| BANK OF CHINA, LTD., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SURREPLY MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
<u>WITHHELD AS PRIVILEGED</u>**

DORSEY & WHITNEY LLP
Zachary Carter, Esq.
Lanier Saperstein, Esq.
H. Alex Iliff, Esq.
51 West 52nd Street
New York, New York 10019
Tel.: (212) 415-9309
Fax.: (212) 953-7201

*Attorneys for Bank of China, Ltd.*

Bank of China, Ltd. ("BOC") respectfully submits this surreply in further opposition to plaintiffs' motion to compel (Dkt. Nos. 310-312) (the "Motion"). BOC submits this surreply to address a new issue raised in plaintiffs' reply brief: plaintiffs' assertion that the declaration Professor Randall Peerenboom submitted in this case regarding the limited scope of discovery in China is not consistent with the declaration that he submitted in 2009 in a related New York State court action. *See* Pls.' Reply Br. (Dkt. No. 324) at 6 n.8. The Court granted BOC permission to file this surreply.

## ARGUMENT

In support of Bank of China's opposition to plaintiffs' Motion, Professor Peerenboom submitted a declaration that made a number of points, including that attorney-client communications are not subject to disclosure under Chinese discovery laws, and that the still-developing Chinese laws do not expressly give Chinese courts the power to order the production of materials litigants in the United States would consider privileged. *See* Declaration of Randall Peerenboom (Dkt. No. 319). Plaintiffs respond in their reply brief that Professor Peerenboom supplied a declaration in *Elmaliach v. Bank of China* (currently pending in New York state court) that described the ways in which discovery laws in China are similar to those in the United States. *See* Pls. Reply Br. (Dkt. No. 324) at 6 n.8; Declaration of Marilyn Kunstler (Dkt. No. 325) Exh. G. According to plaintiffs, Professor Peerenboom's two declarations are inconsistent, because one declaration suggests that Chinese discovery is very narrow, while the other suggests Chinese discovery is liberal.

To the contrary, Professor Peerenboom's two declarations are perfectly consistent with one another. As explained in Professor Peerenboom's accompanying rebuttal declaration, while China has begun to expand the scope of permissible discovery, discovery in China remains significantly more restrictive than discovery under the Federal Rules of Civil Procedure and its

legal system is heavily influenced by civil law systems, as opposed to a U.S.-style common law approach. *See* Supplementary Declaration of Randall Peerenboom ("Supp. Peerenboom Decl.") at ¶ 1. The extensive discovery, motion practice, and letter-application campaigns that have taken place in this matter would never happen in a Chinese court. *See* Supp. Peerenboom Decl. at ¶ 2. For example, most cases in China are completed in a single year and do not engage in lengthy discovery—often times discovery is completed in fewer than 30 days. *See* Supp. Peerenboom Decl. at ¶ 2. Most importantly, however, the declaration Professor Peerenboom submitted in *Elmaliach v. Bank of China* was silent on the central issue of his initial declaration in this case, namely, that Chinese courts would not compel disclosure of communications between lawyers and in-house counsel and their clients. *See* Supp. Peerenboom Decl. at ¶ 3. Indeed, as he makes clear in his declaration, "PRC courts would not compel lawyers to disclose confidential information, especially AML-related information, in a civil case, and [he is] aware of no cases in which they have done so." Supp. Peerenboom Decl. at ¶ 3.

## CONCLUSION

For the reasons set forth above, BOC respectfully requests that the Court deny the Motion, and grant such other and further relief as the Court deems just and proper.

October 15, 2013

    Respectfully submitted,

    /s/ Lanier Saperstein

    DORSEY & WHITNEY LLP
    Zachary Carter, Esq.
    Lanier Saperstein, Esq.
    H. Alex Iliff
    51 West 52nd Street
    New York, New York 10019
    Tel.: (212) 415-9309
    *Attorneys for Bank of China, Ltd.*