UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SHERYL WULTZ, individually, as personal
representative of the Estate of Daniel Wultz,
and as the natural guardian of plaintiff
Abraham Leonard Wultz; YEKUTIEL
WULTZ, individually, as personal
representative of the Estate of Daniel Wultz,
and as the natural guardian of plaintiff
Abraham Leonard Wultz; AMANDA
WULTZ; and ABRAHAM LEONARD
WULTZ, minor, by his next friends and
guardians Sheryl Wultz and Yekutiel Wultz,

        Plaintiffs,

        - against -

BANK OF CHINA LIMITED,

        Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/13

**MEMORANDUM
OPINION AND ORDER**

**11 Civ. 1266 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This Court issued an Opinion and Order on October 25, 2013 ("the October 25 Order") granting in part and denying in part plaintiffs' motion to compel defendant Bank of China ("BOC") to produce documents it withheld as

privileged.[1]  On November 6, 2013, BOC filed a motion for limited reconsideration

of the October 25 Order.[2]  *First*, BOC asks the Court to "reconsider its finding that

the Bank may not claim privilege over its post-demand letter investigations."[3]

*Second*, BOC asks the Court to revise its holding as to the application of Chinese

privilege law to documents dated prior to plaintiffs' demand letter to state that

American privilege law should apply to documents pertaining to "other U.S.-based

legal matters" unrelated to the present litigation.[4]  *Finally*, BOC asks the Court to

clarify whether the October 25 Order holds that BOC cannot assert privilege over

any document if it is unable to provide information pertaining to its "individual

authors and recipients," even if there are other indicia of privilege.[5]  For the

following reasons, BOC's motion is granted in part.

---

[1]     *See Wultz v. Bank of China*, No. 11 Civ. 1266, 2013 WL 5797114, at
*11 (S.D.N.Y. Oct. 25, 2013).  Familiarity with the facts and procedural history of
the case is presumed.

[2]     *See* 11/6/13 Bank of China Limited's Memorandum of Law in
Support of Its Motion for Reconsideration of the Court's Opinion and Order
Entered on October 28, 2013 ("BOC Mem."), at 1.  BOC refers to the October 25
Order as the October 28 Order because the parties did not receive notice of filing
until October 28, 2013.  I will continue to refer to it by the filing date, which was
October 25, 2013.

[3]     *Id.*

[4]     *Id.* at 5.

[5]     *Id.* at 6.

2

## II.   DISCUSSION

### A.   Legal Standard

The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[6] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[7] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[8]

### B.   Documents Pertaining to Internal Investigation

In the October 25 Order, I held that BOC may not claim attorney-client privilege or work-product protection over documents concerning "investigations into the allegations of plaintiffs' demand letter" because I

---

[6]    *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[7]    *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[8]    *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

previously held that the investigation undertaken by John Beauchemin, the Chief
Compliance Office of BOC's New York Branch proceeded "without the
involvement of any counsel, and not for the purpose of obtaining legal assistance."[9]
BOC asks the Court to reconsider this holding, because the Beauchemin
investigation does not represent the full scope of BOC's internal investigation into
plaintiffs' demand letter.[10]  Rather, BOC describes the internal investigation as
"global in nature," involving the New York branch, the Head Office's Legal and
Compliance Department, and outside counsel, including K&L Gates.[11]

   BOC's request is hereby granted for the limited purpose of explaining
that BOC may assert attorney-client privilege or work-product protection over
those documents pertaining to its internal investigation provided it can satisfy its
burden of establishing that the privilege or protection is appropriate.  I will stress
again that neither attorney-client privilege nor work-product protection applies "to
'an internal corporate investigation . . . made by management itself.'"[12] To assert

---

[9]  *Wultz*, 2013 WL 5797114, at *9 (quoting *Wultz v. Bank of China*, No.
11 Civ. 1266, 2013 WL 1453258, at *12 (S.D.N.Y. Apr. 9, 2013)).

[10]  *See* BOC Mem. at 2-5.

[11]  *Id.* at 2.

[12]  *Wultz*, 2013 WL 5797114, at *9 (quoting *In re Grand Jury Subpoena*,
599 F. 2d 504, 511 (2d Cir. 1979)).

privilege over any documents pertaining to the internal investigation into plaintiffs' demand letter, BOC must show that the communications were made as part of an internal investigation that proceeded at the direction of counsel for the purpose of obtaining legal advice.

### C.   Documents Pertaining to Other U.S. Legal Matters

In the October 25 Order, I held that Chinese privilege law governs 1) documents dated prior to plaintiffs' demand letter of January 23, 2008, and 2) documents dated after the demand letter that do not pertain to its allegations.[13] BOC asks that the Court reconsider its holding "to the extent that it deems Chinese privilege law to apply to documents located in China that, while not connected with the instant litigation, do concern other U.S.-based legal matters."[14]

"Communications relating to legal proceedings in the United States or communications providing advice on American law . . .'touch base' with the United States and should be governed by American privilege law."[15]  BOC's request is granted in order to clarify that American privilege law applies to all communications that properly "touch base" with U.S. legal matters, even if those

---

[13]   *See id.* at *7.

[14]   BOC Mem. at 5.

[15]   *Wultz*, 2013 WL 5797114, at *5 (quoting *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 66-70 (S.D.N.Y. 2010)).

matters are unrelated to the present litigation.

### D.   Documents Without Information about Individual Authors or Recipients

In the October 25 Order, I held that BOC's privilege logs were insufficient because they failed to, among other things, identify individual authors and recipients and provide information as to whether the communications provided legal advice or business advice.[16]  I ordered BOC to produce "amended [privilege] logs [which] must provide adequate  information about the individual authors and recipients, as well as a basis for claiming either attorney-client privilege or work-product protection consistent with this Order."[17]

BOC explains that because the "Legal and Compliance Department of BOC's Head Office . . . frequently made use of group email accounts," those communications may lack "metadata that can be indexed on a privilege log as to the individual author, sender, or recipient."[18] BOC asks the Court to clarify whether the October 25 Order mandates the production of such documents, which may "reveal the substance of confidential communications between BOC and its counsel, including licensed attorneys," or whether BOC may "clarify on its

---

[16]    *See id.* at *9-10.

[17]    *Id.* at *10.

[18]    BOC Mem. at 6.

privilege log why, notwithstanding the absence of that metadata," the communication should be treated as privileged.[19]

"The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it."[20] The party asserting the privilege also bears the burden of showing that the privilege has not been waived.[21] The October 25 Order does not create a per se rule that any communication where an individual author or recipient is not identified must be produced. However, BOC bears the burden of establishing *all* of the elements of attorney-client privilege, including that the communication was made with a licensed attorney.[22] BOC must also establish that the privilege was not waived – for example, by disclosure to a third party recipient on the group mailing list.[23]

---

[19]     *Id.* at 6-7.

[20]     *In re Grand Jury Proceedings*, 219 F. 3d 175, 182 (2d Cir. 2000) (quoting *United States v. International Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997)) (some quotation marks omitted).

[21]     *See, e.g.*, *International Bhd. of Teamsters*, 119 F.3d at 214 (holding that the party asserting attorney-client privilege bears the burden of establishing each element of the privilege, including that the "protection" has not been waived).

[22]     *See Wultz*, 2013 WL 5797114, at *8-9. *See also Anwar v. Fairfield Greenwich Ltd.*, No. 09 Civ. 0118, 2013 WL 6043928, at *9 (S.D.N.Y. Nov. 8, 2013).

[23]     *See In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973) ("[D]isclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed.").

While disclosure to a third party is not an automatic waiver of privilege,[24] BOC must provide enough information on its log to allow plaintiffs and the Court to make a determination as to whether the document is properly withheld. The mere assertion that communications came from a group email address used by a department that included licensed lawyers is not sufficient.

## III.   CONCLUSION

For the foregoing reasons, BOC's motion for reconsideration of the October 25 Order is granted in part. The Clerk of Court is directed to close this motion (Dkt. No. 380).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           November 18, 2013

---

[24]     *See United States v. Mejia*, 655 F.3d 126, 134 (2d Cir. 2011) ("The existence of a third party somewhere along the line of communication 'does not destroy the privilege if the purpose of the third party's participation is to improve the comprehension of the communications between attorney and client.'") (quoting *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999)).

8

## - Appearances -

**For Plaintiffs:**

David Boies, Esq.
Lee S. Wolosky, Esq.
Steven I. Froot, Esq.
Marilyn C. Kunstler, Esq.
Jaime Sneider, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2350

**For Defendant:**

Mitchell R. Berger, Esq.
Patton Boggs LLP (DC)
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-5601

Zachary Carter, Esq.
Lanier Saperstein, Esq.
William G. Primps, Esq.
Neil McDonell, Esq.
Eric Epstein, Esq.
Daniel Goldberger, Esq.
H. Alex Iliff, Esq.
Geoffrey Sant, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9309

9