

LANIER SAPERSTEIN
(212) 415-9385
saperstein.lanier@dorsey.com

October 20, 2014

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Wultz v. Bank of China Ltd.*, 11-cv-01266 (SAS) (GWG)

Dear Judge Scheindlin:

  On behalf of Bank of China, Ltd. ("BOC"), we respectfully submit this letter in response to plaintiffs' October 10, 2014 letter seeking BOC's litigation hold documentation (Dkt. No. 672). Plaintiffs fail to identify any evidence that is purportedly lost or missing, preferring vague allegations and assertions that are unsupported by the record. Plaintiffs have not made a *prima facie* showing of spoliation and their request should accordingly be denied.

  **Factual Background**. Still unable to support even their most basic allegation—that Said al-Shurafa was or is a terrorist—plaintiffs continue to try to shift the focus of this litigation to BOC's discovery. Indeed, plaintiffs' application is their *fourth attempt* to obtain BOC's litigation hold documentation. Plaintiffs' first three attempts came before BOC had even completed document production. This Court thus denied those requests as premature and baseless. *See* 1/30/13 Tr. at 29-35; 4/4/13 Tr. at 22:17-23:13; and 7/19/13 Tr. 9; 15-18, attached as Exs. A-C.

  BOC has produced a vast amount of information in this case, belying plaintiffs' assertion that BOC failed to adequately preserve and collect documents. BOC has produced 119,032 documents—totaling over 1 million pages—from 113 different custodians and databases. Plaintiffs' counsel has even acknowledged BOC's "very significant [ESI] document collection effort." *See* 6/9/14 Tr. at 11:16-17, attached as Ex. D. Further, because BOC communicates with its government regulators through hard-copy documents,[1] which BOC archives for 30 years, BOC produced tens-of-thousands-of-pages of hard-copy documents. BOC also responded to 35 interrogatories (97 if subparts are included), often identifying specific categories of documents. Meanwhile, BOC has made seven witnesses available for deposition—including BOC's Rule 30(b)(6) deposition, which consisted of witnesses from the Head Office, Guangdong Branch and New York Branch, respectively—and plaintiffs examined those witnesses extensively about BOC's document preservation and collection efforts. Yet, plaintiffs cannot identify any specific gaps or shortcomings in BOC's productions.

---

[1] *See, e.g.,* ▮▮▮▮▮▮▮▮▮▮

Page 2

Moreover, BOC produced documents relating to plaintiffs' two theories of liability. First, BOC produced all of its documents that might relate to plaintiffs' actual knowledge allegations. This includes all BOC meeting minutes touching upon any meetings between PRC and Israeli government officials concerning Shurafa, PIJ or Hamas. Second, BOC produced all documents that might relate to plaintiffs' constructive knowledge allegations. It produced all of Shurafa's account records as well as all of the account records of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. BOC will also produce this week ESI and wire transfer information related to two-dozen counterparties who transacted with the Shurafas. BOC has produced more than half a million pages of discovery concerning its AML and counter-terrorist financing programs in the U.S. and China.

**There is no "prima facie" evidence of spoliation.** As this Court has noted, a *prima facie* case for spoliation requires "gaps."[2] No such "gaps" exist, and plaintiffs fail to show otherwise.

First, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

Second, BOC has produced or logged seven times more documents from Dr. Geng and Ms. Wang than plaintiffs identify. Moreover, the smaller volume of documents from these Head Office custodians is hardly surprising. As Your Honor recently noted in reviewing BOC's categorical log documents, "[t]hough many of the[] documents [BOC withheld as nonresponsive] do concern AML or CTF problems or deficiencies … to the extent that they relate to BOC's Head Office, they do not relate to the PIJ, Hamas, or any individuals allegedly involved with those organizations. Thus, they are not responsive…" 10/16/14 Order, at 2-3, attached as Ex. H.

Third, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

Fourth, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

Fifth, BOC could not have foreseen in 2008 that on Oct. 10, 2014 plaintiffs would fabricate an allegation that Shurafa and his wife "made cash withdrawals *in suitcases*" such that BOC should have suspended the regular overwriting of the video surveillance tapes at all of its branches. *See Mahaffey v. Marriott Int'l, Inc.*, 898 F. Supp. 2d 54, 60 (D.D.C. 2012) (denying sanctions for overwritten surveillance tape where demand letter failed to provide notice of duty to preserve).

Sixth, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

---

[2] *See* 7/19/13 Tr. at 20:18-25 ("[G]aps" would be "this person has e-mail only from 2012 on. Or this person has it from '07 and '08, and not again until 12. Something that shows a problem").



**Seventh,**

**Conclusion.** Plaintiffs do not—and cannot—identify any gaps or anything else that "shows a problem" with BOC's document preservation, collection and production efforts. While plaintiffs clearly are frustrated that they cannot substantiate their allegations against BOC, this is not BOC's fault. BOC has produced all the information that plaintiffs need to test their alternative theories of liability. Further, plaintiffs have had the opportunity to discover the facts surrounding BOC's litigation holds, *i.e.*, the when, who, and where, *see* 4/4/13 Tr. at 22:17-21, as well as BOC's considerable efforts to identify and collect responsive documents. Plaintiffs have deposed many BOC witnesses, propounded numerous interrogatories, and asked a host of questions in an ongoing barrage of letters about BOC's preservation and collection efforts. Yet, after all of that effort, plaintiffs' alleged spoliation claims rest on vague assertions and unsupported allegations.

---

[3] *See also*

[4] *See, e.g.,*



[5]

Page 4

    Respectfully, plaintiffs' request for BOC's litigation hold documentation should be denied.

Respectfully submitted,

*/s/ Lanier Saperstein*

Lanier Saperstein

cc: All Counsel of Record (via email)