| **Squire Patton Boggs (US) LLP** | **Dorsey & Whitney, LLP** |
|---|---|
| 2550 M Street, NW, | 51 West 52nd Street |
| Washington, DC  20037 | New York, NY 10019 |
| Tel (202) 457-5601 | Tel (212) 415-9385 |
| Fax (202) 457-6315 | Fax (212) 953-7201 |

October 24, 2014

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:    *Wultz v. Bank of China Ltd.*, No. 1:11-cv-01266 (SAS)(GWG)

Dear Judge Scheindlin:

      On behalf of Bank of China Ltd.("BOC"), we write concerning plaintiffs' October 14, 2014 application requesting that the Court issue a letter rogatory to the Kingdom of Belgium (Dkt. #676).

      In BOC's October 20 letter to the Court (Dkt. #686), and during the October 21 conference with Your Honor (*see* Tr. (10/21/14) at 49:22-51:17, 55:2-57:13), BOC sought further information concerning the Belgian court proceedings that plaintiffs had initiated against Said al-Shurafa and Reem al-Shurafa, the dismissal of which apparently precipitated plaintiffs' application to this Court for issuance of a letter rogatory.

      BOC has now been able to obtain a copy of the September 16, 2014 order of the Belgian court (the "Belgian court order").  A translated copy of the Belgian court order is attached at Tab A of this letter.

      The Belgian court order makes findings that are material to plaintiffs' proposed request to Belgium for international judicial assistance, and inconsistent with plaintiffs' representations to this Court that their application to the Belgian court: (i) was "denied…primarily because of the lack of showing of exigency" in that "the Shurafas were not a flight risk"; and (ii) was "not against Bank of China but against Shurafa."  *See* Tr. (10/21/14 Conf.) at 50:16, 51:2-5.

      The Belgian court order in fact contains material findings going well beyond its conclusion that the alleged "urgency [of the request] is not proven."  *See* Tab A at p.2.

      Significantly, the Belgian court found that plaintiffs' "request, which supposedly respects the defendants' [Shurafas'] defense rights, <u>does not respect the defense rights of the party against which the plaintiffs are acting in the USA.  The Bank of China is indeed not a party to this cause</u>."  *See* Tab A at p.3 (emphasis added).

      Further, the Belgian court found that:  "The facts which they [plaintiffs] allege, linked to terrorism, are likely to be classified as a serious criminal offense on the part of the defendants [Shurafas].  <u>These persons cannot be compelled to participate in an interrogation on these facts</u>."  *See* Tab A at p.3 (emphasis added).

OCTOBER 24, 2014: PAGE 2

Based on all of these findings, the Belgian court held that "[i]t is therefore necessary to declare the application unfounded," and the court imposed costs on the plaintiffs. *See* Tab A at p.3.

The Belgian government—to which the proposed letter rogatory would be issued—surely would regard these Belgian court findings as material to its decision whether to execute and enforce a letter rogatory asking the Belgian government to compel the Shurafas to answer questions about plaintiffs' allegations in this litigation.

BOC therefore respectfully requests that the Court include a reference to the Belgian court order in, and append a copy of the Belgian court order to, the final version of the letter rogatory to Belgium that the Court plans to issue. *See* Tr. (10/21/14 Conf.) at 54:11 (stating that the Court is "prepared to sign" a revised version of plaintiffs' proposed letter rogatory).

Further, this Court relied on plaintiffs' representations in denying BOC's request that plaintiffs produce to BOC a copy of the Belgian court order and the papers that plaintiffs had submitted to the Belgian court. *See id.* at 55:2-57:13. Now that the Belgian court order establishes that plaintiffs' application did, in fact, implicate BOC's rights, and made allegations about the Shurafas, BOC respectfully requests that the Court reconsider and grant BOC's request to order plaintiffs to produce a copy to BOC of all papers that they submitted to the Belgian court.

Respectfully submitted,

/s/ *Mitchell R. Berger*                                                       /s/ *Lanier Saperstein*

cc: *Wultz* and *Moriah* counsel of record