# TAB A



# AFFIDAVIT OF ACCURACY

I, Casey M. Dianni, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the accompanying document from French into English:

"20141016 Liege court decision"

Casey M. Dianni

Sworn to before me this
23rd day of October 2014

_____
Signature, Notary Public

LEAH RAE TALLMAN
Notary Public - State of New York
No. 01TA6295072
Qualified in New York County
Commission Expires Dec 30, 20__

_____
Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 80 CITIES WORLDWIDE

**COURT OF THE FIRST INSTANCE OF LIEGE**
**DIVISION OF LIEGE**

Roll of the Court No. 14/603/C

September 16, 2014

Directory No. 14/15286

"[stamp] DUTY EXEMPT
Art. 280 of the [Belgian] Code on registration,
mortgage and court registry duties
issued in execution of Art 782 or 1030
of the [Belgian] Judicial Code"

CONCERNED:

**1. WULTZ Yekutiel**, financial advisor, born March 5, 1954, resident in Weston Florida 33327, United States of America;

**2. WULTZ Sheryl** Cantor, lawyer, born February 26, 1958, resident in Weston Florida 33327, United States of America;

Having elected domicile at the office of their legal counsels Kris WAGNER and Steve GRIESS, attorneys whose office is at 1050 Ixelles, avenue Louise, 137/12;

Plaintiffs,
Represented by their legal counsels, WAGNER and GRIESS;

VERSUS

**1. AL SHURAFA Said**, unemployed, born in Gaza (Palestine) on January 24, 1983, resident at 4020 Liège (Jupille-sur-Meuse) rue de Fléron, 226;

**2. REEM H.R. ALSHURAFA**, unemployed, born in Saudi Arabia on January 23, 1989, resident at 4020 Liège (Jupille-sur-Meuse) rue de Fléron, 226;

Defendants,
Appearing assisted by their legal counsel, Zaverio Maglioni, attorney whose office is located in Liège, rue de Joie 56;

*******

1.

Given the subpoena served on August 27, 2014
After hearing the parties appearing, as stated above, at the hearing on September 9, 2014
The Law of June 15, 1935 on the use of languages in judicial matters has been respected.

2.

Mr. and Mrs. WULTZ were the victims of a terrorist attack in Tel Aviv in 2006. Mr. WULTZ was injured and their son was killed.

## COURT OF THE FIRST INSTANCE OF LIEGE
## DIVISION OF LIEGE

Role of the Court No. 14/603/C

September 16, 2014

They are now pursuing civil proceedings in the United States against the Bank of China, which they accuse of having helped fund the terrorist activities of the group responsible for the attack of which they were victims.

According to them, Mr. and Mrs. AL SHURAFA have important information about the transactions conducted via the Bank of China.

They ask us to appoint a panel of experts to ask the defendants all relevant questions relating to the transactions conducted by the Bank of China and to order the defendants to *"participate fairly with the legal experts, under penalty of a fine of 10,000 euros per day per act of non-cooperation, and/or 10,000 euros per day per unfair act or omission (i.e. a single fine of 10,000 euros per day, but that will be due in the case of non-cooperation, or in the case of unfair act or omission on the part of one or two persons cited."*

The experts would have to give *"technical advice on international banking practice, the fight against money laundering, counterterrorism financing practices, and the U.S. law of evidence."*

This indication of the experts' mission is given in the citation, but not in the mission indicated in the deposition.

3.

Urgency is invoked in the citation, which is enough to justify the competence of the court judge.

The defendants deny the reality of the alleged urgency.

The plaintiffs argue, to demonstrate the urgency, that the defendants, having indicated their willingness to participate in a hearing, currently refuse and are no longer accessible by telephone or via Facebook. They fear that the defendants will leave Belgium overnight to hide or flee. The defendants have lived in Belgium since 2011. They currently have 4 children. Turning off their phone so as to not respond to the plaintiffs' representatives is not indicative of a will to leave Belgium.

The urgency is not proven.

Moreover, it appears that the plaintiffs are actually investigating money transfers, to persons who are not parties to the dispute they have with the Bank of China, and not involving experts to provide the necessary technical advice to the judge to settle a dispute.

## COURT OF THE FIRST INSTANCE OF LIEGE
## DIVISION OF LIEGE

Role of the Court No. 14/603/C

September 16, 2014

The facts which they allege, linked to terrorism, are likely to be classified as a serious criminal offense on the part of the defendants. These persons cannot be compelled to participate in an interrogation on these facts.

This request, which supposedly respects the defendants' defense rights, does not respect the defense rights of the party against which the plaintiffs are acting in the USA. The Bank of China is indeed not a party to this cause.

It is therefore necessary to declare the application unfounded.

FOR THESE REASONS,

We, **Philippe GLAUDE**, Judge of the Court of the First Instance, sitting in chambers, assisted by **Eliane RIGÔ**, Registrar,

Having heard the parties.

Receive the application.

Declare it unfounded.

Order the plaintiffs to pay non-liquidated costs.

Pronounced in French, at the public hearing in chambers in Liège on SEPTEMBER SIXTEENTH, TWO THOUSAND AND FOURTEEN.

[signature]                                              [signature]

Eliane RIGÔ                                              Philippe GLAUDE

**TRIBUNAL DE PREMIERE INSTANCE DE LIEGE**
**DIVISION DE LIEGE**

Rôle des référés n° 14/603/C

Le 16 septembre 2014

Répertoire n° 14/15286

EXEMPT DE DROIT
art. 280 du Code des droits d'enregistrement, d'hypothèque et de greffe
délivré en exécution de l'art. 702 ou 1030 du Code Judiciaire.

EN CAUSE :

**1. WULTZ Yekutiel**, conseiller financier, né le 5 mars 1954, domicilié à Weston Florida 33327, Etats Unis d'Amérique ;

**2. WULTZ Sheryl** Cantor, avocat, née le 26 février 1958, domiciliée à Weston Florida 33327, Etats Unis d'Amérique ;

Ayant fait élection au cabinet de leur conseils maîtres Kris WAGNER et Steve GRIESS, avocats dont le cabinet est établi à 1050 Ixelles, avenue Louise, 137/12 ;

Demandeurs,
Comparaissant par leurs conseils maîtres WAGNER et GRIESS ;

CONTRE

**1. AL SHURAFA Said**, sans profession, né à Gaza (Palestine) le 24 janvier 1983, domicilié à 4020 Liège (Jupille-sur-Meuse), rue de Fléron, 226 ;

**2. REEM H.R. ALSHURAFA**, sans profession, née en Arabie Saoudite le 23 janvier 1989, domiciliée à 4020 Liège (Jupille-sur-Meuse), rue de Fléron, 226 ;

Défendeurs,
Comparaissant assistés de leur conseil maître Zaverio MAGLIONI, avocat dont le cabinet est établi à Liège, rue de Joie, 56 ;

*******

1.

Vu la citation signifiée le 27 août 2014.

Entendu les parties comparaissant comme dit ci-dessus à l'audience du 9 septembre 2014.

La loi du 15 juin 1935 sur l'emploi des langues en matière judiciaire a été respectée.

2.

Monsieur et Madame WULTZ ont été les victimes d'un attentat terroriste en 2006 à Tel Aviv. Monsieur WULTZ a été blessé et leur fils a été tué.

**TRIBUNAL DE PREMIERE INSTANCE DE LIEGE
DIVISION DE LIEGE**

2

Rôle des référés n° 14/603/C

<u>Le 16 septembre 2014</u>

Ils poursuivent actuellement, aux Etats Unis, une procédure civile à l'encontre de la Bank of China, à laquelle ils reprochent d'avoir permis le financement des activités terroristes du groupe responsable de l'attentat dont ils ont été les victimes.

Selon eux, Monsieur et Madame AL SHURAFA disposent d'informations importantes concernant les opérations réalisées via la Bank of China.

Ils Nous demandent de désigner un collège d'experts afin de poser aux défendeurs toutes les questions pertinentes relatives aux opérations réalisées par la Bank of China et de condamner les défendeurs « *à participer de façon loyale à l'expertise judiciaire, sous peine d'une astreinte de 10.000 euros par jour et par acte de refus de collaboration, et/ou 10.000 euros par jour et par acte ou omission déloyale (c.-à-d. une seule astreinte de 10.000 euros par jour, mais laquelle sera due soit en cas de refus de collaboration, soit en cas d'acte ou omission déloyale de la part d'un ou des deux cités* ».

Les experts seraient amenés à donner « *un avis de nature technique en matière de pratique bancaire internationale, lutte contre le blanchiment de capitaux, pratiques du financement du contre-terrorisme, ainsi que du droit de la preuve américain* ».

Cette indication quant à la mission des experts est reprise en citation, mais non dans la mission indiquée en dispositif.

3.

L'urgence est invoquée en citation, ce qui suffit à justifier la compétence du juge des référés.

Les défendeurs contestent la réalité de l'urgence invoquée.

Les demandeurs soutiennent, pour démontrer l'urgence, que les défendeurs, après avoir indiqué leur volonté de participer à une audition, s'y refusent actuellement et ne sont plus accessibles par téléphone ou via facebook. Ils craignent que les défendeurs quittent la Belgique du jour au lendemain pour se cacher ou fuir.

Les défendeurs vivent en Belgique depuis 2011. Ils ont actuellement 4 enfants. Le fait de couper son téléphone pour ne pas répondre aux représentants des demandeurs n'est pas indicatif d'une volonté de quitter la Belgique.

L'urgence n'est pas démontrée.

D'autre part, il apparaît que les demandeurs veulent en réalité enquêter sur des transferts de fonds, auprès de personnes qui ne sont pas parties au litige qu'ils ont avec la Bank of China, et non faire intervenir des experts pour donner un avis technique nécessaire au juge pour résoudre un litige.

**TRIBUNAL DE PREMIERE INSTANCE DE LIEGE**
**DIVISION DE LIEGE**

3

Rôle des référés n° 14/603/C

<u>**Le 16 septembre 2014**</u>

Les faits qu'ils invoquent, liés au terrorisme, sont susceptibles d'une qualification pénale grave dans le chef des défendeurs. Ceux-ci ne peuvent être contraints de participer à un interrogatoire sur ces faits.

Cette demande, prétendument respectueuse des droits de la défense des défendeurs, ne respecte pas les droits de la défense de la partie contre laquelle les demandeurs agissent aux USA. La Bank of China n'est en effet pas partie à la présente cause.

Il y a donc lieu de déclarer la demande non fondée.

### PAR CES MOTIFS,

Nous, **Philippe GLAUDE**, Président du tribunal de première instance de Liège, siégeant en référé, assisté d'**Eliane RIGÔ**, greffier,

Statuant contradictoirement.

Recevons la demande.

La déclarons non fondée.

Condamnons les demandeurs aux dépens, non liquidés.

Prononcé en français, à l'audience publique des référés à Liège, le SEIZE SEPTEMBRE DEUX MILLE QUATORZE.

Eliane RIGÔ                    Philippe GLAUDE