

LANIER SAPERSTEIN
(212) 415-9385
saperstein.lanier@dorsey.com

November 18, 2014

**BY ECF**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wultz v. Bank of China Ltd.*, 11-cv-01266 (SAS) (GWG)

Dear Judge Scheindlin:

      We write on behalf of Bank of China Ltd. ("BOC") in response to plaintiffs' letter of yesterday regarding the upcoming depositions in Hong Kong. Plaintiffs' letter represents their *second attempt* to try to unravel the Court's October 31, 2014 ruling, in which the Court established the parameters for the upcoming Hong Kong depositions. Plaintiffs' request should be denied, and we respectfully request that the Court adopt BOC's proposed deposition schedule, which is attached as Exhibit A, as it complies with both the letter and spirit of the Court's October 31, 2014 and November 6, 2014 rulings.

      Also, should the Court consider it useful, we encourage the Court to contact Judge Katz, who participated in all of the parties' meet-and-confer calls following the October 31 and November 6 rulings. We believe Judge Katz has a complete understanding of the parties' proposed deposition schedules, and their underlying rationale. In fact, to avoid yet another letter-writing campaign, BOC suggested on the last meet-and-confer call that Judge Katz report to Your Honor with his recommendations regarding the parties' proposed schedules. Although Judge Katz indicated his willingness to do so, plaintiffs rejected that offer. However, BOC believes that Judge Katz remains in the best position to provide the Court with an unbiased, objective assessment of the parties' proposals—especially here, when the primary dispute concerns plaintiffs' efforts to double-track nearly every witness for most of 12 straight days—which would place a great burden on Judge Katz and undermine his ability to provide the supervision that is the central justification for his role as special master.

**I.     Background:**

      On October 31, the Court directed plaintiffs to depose BOC's China-based witnesses in a single tranche in Hong Kong during a 12 day period running from December 10 to 21, 2014, including Saturdays and Sundays. The Court further directed that the depositions of the four tellers should be double tracked with all four tellers being conducted during a single day within that time period. Unhappy with that outcome, plaintiffs sought reconsideration of the Court's ruling, and they argued that they required 17 days for their proposed depositions, yet had been allotted only 12 days



Hon. Shira A. Scheindlin
November 18, 2014
Page 2

by the Court, and thus sought to move the depositions to January and February 2015 to afford them more deposition days.

On November 6, 2014, the Court denied plaintiffs' request for reconsideration, both by email and then on the record during a teleconference. In the Court's email ruling, the Court stated that "for less important witnesses that are similar to the tellers, Plaintiffs have the option of double-tracking the depositions" and also that it "believes that not all witnesses are equally important and have equal amounts of information" and that some of "the witnesses that may have less information can be deposed in one day." 11/6/2014 email from R. Schwartz. Likewise, during the subsequent teleconference with the Court, Your Honor stated that some "witnesses can be deposed more quickly than others and some may be able to be double tracked, the same way that I ordered for the tellers." 11/6/14 Hr'g Tr. at 3:16-18.  The Court also made clear that most two-day depositions are "excessive." *Id*. at 4:6-7.

## II.     Plaintiffs' latest proposal:

Apparently unhappy with the Court's November 6 ruling, plaintiffs chose not to follow the Court's instructions and have now proposed a deposition schedule whereby they double-track witnesses on 7 of the 12 deposition days and have all but one witness (Ms. Yu Tong) sit for two-day depositions to ensure they can have 18 deposition days crammed into 12 days.[1]

Plaintiffs' proposal does not comply with the Court's orders.  In particular, the proposed double-tracked witnesses are not "similar to the tellers." *See* 11/6/2014 email from R. Schwartz.  For example, on plaintiffs' first proposed day, they intend to double-track the depositions of Liao Hai and Yu Tong.  Mr. Liao was the General Manager of BOC's Guangdong Branch's Legal and Compliance Department "whom Plaintiffs have long indicated they would depose first" (11/5/14 Ltr. from L. Wolosky to J. Scheindlin), and plaintiffs have him scheduled for a full, two-day deposition.  Ms. Yu is BOC's global head of IT and is based in Beijing at BOC's Head Office.  Their significant responsibilities, as shown by their titles, confirm that they are not "similar to the tellers" and thus do not meet Your Honor's standard for double-tracking witnesses.  Given plaintiffs' professed need for these two depositions, including plaintiffs' demand that Mr. Liao sit first, and for a full two-day deposition, plaintiffs cannot seriously claim that these two witnesses are "less important" witnesses. Indeed, plaintiffs' letter ignores Judge Katz's concerns that he cannot be in two rooms at the same time—and for important witnesses, Judge Katz believed that he would not be able to make informed rulings without being in the room the entire time.

In addition, plaintiffs' proposal makes no effort to distinguish between the more and less important witnesses.  *See* 11/6/2014 email from R. Schwartz (noting that the Court "believes that not

---

[1]     We understand that plaintiffs add the caveat that they may not need a second day with each witness, but given how they have conducted prior depositions, we expect that plaintiffs will seek a second day with each of those witnesses.



Hon. Shira A. Scheindlin
November 18, 2014
Page 3

all witnesses are equally important and have equal amounts of information. Therefore, Plaintiffs should be able to distinguish between these witnesses."). While Your Honor was clear that "Some of the witnesses that may have less information can be deposed in one day" and that "two days per witness sounds excessive," plaintiffs' proposed schedule has only *one* witness scheduled for a single day. The rest are all scheduled for two days. Plaintiffs' proposal is inconsistent with the Court's orders.

**III.    BOC's proposal:**

In contrast, BOC's proposal accommodates plaintiffs' desire to double-track certain witnesses—within the limitations of the Court's orders—and makes numerous accommodations to allow for the most efficient and flexible schedule possible. BOC's proposal, which is reflected in the attached calendar, makes the following accommodations:

- In addition to the tellers, BOC has agreed to double-track four witnesses: Lai Zhelang and Jian Yanfang on Monday, December 15, and Li Yongqing and Chen Yanhua, on Thursday, December 18.

- BOC will make Ms. Jian Yanfang available on Sunday, December 14, to sit for her deposition in the event plaintiffs take less than two days with either Mr. Liao Hai or Mr. Li Yingyue, leaving some or all that Sunday open.

- BOC will make Chen Yanhua available on Wednesday, December 17 for her deposition in the event plaintiffs take less than time with Mr. He Yu or any of the other prior witnesses, leaving some or all that Wednesday open.

BOC does propose that for any witnesses who are deposed on the second track—in BOC's proposal, Ms. Jian and Ms. Chen—their depositions should be limited to 7 hours on the record, whether spread over one or two days. Such double-tracking would comport with the Court's ruling that double-tracked witnesses should be "similar to the tellers." Plaintiffs' claimed need for open-ended "flexibility" is pretextual as plaintiffs have more than enough information to distinguish between the more and less important witnesses.

The Court should adopt BOC's proposed schedule because it is consistent with the Court's orders, facilitates effective supervision by Judge Katz, and reasonably accommodates plaintiffs' requests. We respectfully invite the Court to seek Judge Katz's views about what procedures would facilitate his effective supervision of these depositions.



Hon. Shira A. Scheindlin
November 18, 2014
Page 4

                                            Respectfully submitted,

                                            */s/ Lanier Saperstein*

                                            Lanier Saperstein

cc:      All Counsel of Record

DORSEY & WHITNEY LLP