UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHERYL WULTZ et al.,             :

           Plaintiffs,   : ORDER

   -v.-                          :
                                              11 Civ. 1266 (SAS) (GWG)
BANK OF CHINA LIMITED,           :

           Defendant.    :
-------------------------------------------------------X

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Following a series of letters received from the parties (Docket ## 640, 649, 654, 656, 664), the Court held a hearing on October 7, 2014, at which the parties discussed certain documents withheld by defendant Bank of China Limited ("BOC") on the ground that they are protected from disclosure because they relate to Chinese anti-money laundering and counter-terrorist financing ("AML/CTF"). See Transcript of Proceedings, dated Oct. 7, 2014 (Docket # 684) ("Tr."). In their letters to the Court, plaintiffs asserted that BOC improperly withheld some of these documents, notwithstanding the bar to producing AML/CTF documents, because the confidentiality requirement excepts generally applicable rules or policies. This exception to confidentiality was described in the Declaration of Randall Peerenboom, dated Feb. 15, 2014 (annexed to Letter from Lanier Saperstein, dated Feb. 18, 2014 (Docket # 447)), which had previously been accepted by the Court as an accurate characterization of Chinese law. In his original declaration, Prof. Peerenboom opined that under Chinese law a bank need not treat as confidential "generally applicable rules and policies created by BOC to provide guidance to company employees . . . ." Id. ¶ 5. In explaining this opinion, he distinguished between "generally applicable laws, regulations, rules and normative documents, including policies" and the application of those rules to specific persons or decisions. Id. ¶ 6. In a later declaration, he explains that the term "normative documents" is a translation of a Chinese term that refers to legislation promulgated by an authorized government entity. See Declaration of Randall Peerenboom, dated Sept. 16, 2014 (annexed to Letter from Lanier Saperstein, dated Sept. 16, 2014 (Docket # 640)), ¶ 5. His declaration makes clear that "generally applicable rules for carrying out AML activities" are not within the confidentiality restriction. Id. ¶ 7.

      In the instant application, plaintiffs pointed to the titles of eight categories of documents listed on a "Categorical Log" of withheld documents that BOC had previously prepared of AML/CTF documents. Plaintiffs argued that the titles of these categories alone suggested that each contained documents falling within the exception. See Letter from Lee Wolosky, dated Sept. 9, 2014 (Docket # 649) at 1-2. At the October 7, 2014 hearing, the Court rejected plaintiffs' argument that the titles of the eight categories indicated that they contained documents that were within the exception (see Tr. 39-40) — which for simplicity's sake, we will refer to as "generally applicable rules or policies." The Court also rejected plaintiffs' argument that the mere fact that BOC had produced some generally applicable rules or policies that fit within the

described categories meant that there must necessarily be other generally applicable rules or policies within those categories that had been improperly withheld. (Id. 46-47).

Nonetheless, to ensure that the exception was being properly applied, the Court expressed its willingness to examine a random sampling of documents in camera from three of the categories, "Internal seminars, and workshops related to AML/CTF" (No. 72) (eight documents); "Overviews and summaries of OFAC, UN, and EU sanctions regimes related to AML/CTF" (No. 75) (ten documents); and "Internal communications and documents concerning procedures for opening accounts and Know-Your-Customer compliance material that address AML/CTF" (No. 74 ) (five documents)). BOC delivered these documents to the Court on October 31, 2014. We make the following findings as to each category:

### No. 72 (8 documents)

F02228-C0004-00006822, is an Excel document listing the dates and times of different speakers at a conference and the topics they were to discuss. F02228-C0004-00006828 is an internal notice sent to employees identifying the time, place, agenda, and sign-up information for a conference. F02228-C0005-00015042 consists of the remarks of a speaker at a BOC seminar which contains no discussion of AML requirements. These are plainly not generally applicable rules or policies.

The remaining five documents (F02228-C0003-00007757, F02228-C0036-00004823, F02228-C0039-00010766, F02228-C0011-00002169 and F02228-C0036-00019529) are slideware presentations for conferences that include content relating to AML compliance generally. As might be expected, contained within these presentations are some references to BOC's requirements. But we do not believe that references to BOC requirements that form part of a presentation devoted to a general discussion of AML compliance, and not designed to convey rules to staff or other persons expected to carry out those rules, brings a document within the category of "generally applicable rules or policies." Accordingly, these documents do not come within the exception.

### No. 75 (10 documents)

The Court has examined each of the ten documents in this category. None contains any references to BOC's AML requirements, though some contain references to statutes and other rules. None is framed as a direction to the reader. Accordingly, these 10 documents were properly withheld.

### No. 74 (5 documents)

F02228-C0007-00041166 is a blank form that is used for investigations. As discussed at the hearing, we do not believe that a blank form falls within the exception in the absence of language on the form itself or other evidence that indicates the form is conveying to the reader the rules governing its use. (Tr. 31). There is no such language on this form.

BOC states that the remaining four documents were unintentionally included in BOC's Categorical Log because the documents pertain to BOC branches not relevant to this litigation. Nonetheless, they have been presented to us for review as part of the randomly-selected sample and thus we must assume they illustrate the nature of the review that was applied to the other withheld documents.

F02228-C0005-00026686 is an Excel spreadsheet that concerns occurrences of suspicious activities. F02228-C0029-00043627 is an application form to open a bank account that contains instructions for the applicant, not instructions for employees. Thus, these documents are not within the exception.

The remaining two documents, however, are on a different footing. F02228-C0003-00001234 is an internal checklist that states that it is "to be used[ ]by front-line personnel at bank branches . . . ." It thus appears on its face to constitute the sort of document that falls within the exception described by Prof. Peerenboom.

F02228-C0002-00002961 lists documents apparently required with respect to different types of accounts. It is not entirely clear what this listing is used for but on its face it appears to instruct staff as to how to effectuate account openings, and thus also falls within the exception.

If it is the case that these two documents are actually irrelevant and inadvertently listed on the log, BOC should discuss with plaintiffs the issue of whether production is required. Regardless of the outcome of this discussion, BOC shall transmit to the Court the remaining 10 documents from category No. 74 for in camera review. If there are documents of the same character as the two documents described above within these 10 documents, their production may be accompanied by an explanation of why the documents do not come within the exception. The documents shall be delivered to the Court on or before November 24, 2014.

SO ORDERED.

Dated: November 18, 2014
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge