

NATHAN ALEXANDER
Partner
(206) 903-8791
alexander.nathan@dorsey.com

November 26, 2014

**VIA E-MAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Wultz v. Bank of China*, No. 11-cv-01266 (SAS) (GWG)
     Request for Relief for Plaintiffs' Violation of Protective Order (Dkt. No. 121)

Dear Judge Scheindlin:

  On behalf of Bank of China, Ltd. ("BOC"), we respectfully request relief from the Court pursuant to paragraph Q.4 of the Court's August 15, 2011 Protective Order Governing Confidential Information (Dkt. No. 121) ("Protective Order"). We ask the Court to enforce the Protective Order in light of plaintiffs' blatant violation through their retention and use of an inadvertently produced document that BOC clawed back by letter dated July 5, 2013. Letter from William Primps to Lee Wolosky (July 5, 2013) (the "Claw-back Letter") (Ex. A).

  Where a party requests return and destruction of inadvertently produced privileged documents pursuant to a protective order, the other party must comply or face consequences for its refusal to comply. *RIPL Corp. v. Google Inc.*, No. 12-cv-02050, 2013 WL 6632040, at *4-5 (W.D. Wash. Dec. 17, 2013) (awarding attorney's fees and costs to Google to penalize other party's violation of protective order). Protective orders "are necessary," because "the expanded scope of discovery under the Federal Rules and the increased amounts of information they generated . . . posed a threat to privacy and confidentiality." *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 343 (S.D.N.Y. 2012) (Scheindlin, J.) (quoting *In re Zyprexa*, 474 F. Supp. 2d 385, 414 (E.D.N.Y. 2007)). "Courts have inherent power to enforce [such] orders." *Id.* at 344. Such enforcement includes the imposition of sanctions, such as reasonable attorney's fees, on parties that defy protective orders. *See Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170, 2011 WL 4840713, at *7 (S.D.N.Y. Oct. 12, 2011) (Scheindlin, J.).

  Paragraph J.2 of the Protective Order provides as follows:

  Any Disclosure or Discovery Material inadvertently produced and subject to a subsequent claim of privilege and/or protection shall, upon written request to


Hon. Shira A. Scheindlin
November 26, 2014
Page 2

> Counsel for all Receiving Parties made promptly upon learning of the inadvertent production, be returned immediately to counsel for the Producing Party, and neither such Disclosure or Discovery Material, nor copies thereof, shall be retained and/or used by any Receiving Party without either the consent of the Producing Party or an order of the Court. Any Party may then move the Court for an order compelling production of the Disclosure or Discovery Material, but said Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

Paragraph Q.4 of the Protective Order provides as follows:

> Except as specifically provided herein, any violation of this Order is punishable by money damages caused by the violation, including, but not limited to, all attorneys fees, court costs, exhibit costs, . . . travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

BOC's Claw-back Letter specifically notified plaintiffs' counsel of the obligation to immediately return or destroy inadvertently produced documents, including document BOC0028637-28687 (the "Privileged Document"). *Id.* Despite the clear directive in the Claw-back Letter, on November 5, 2014, plaintiffs — without specifically identifying the Privileged Document — relied on it to challenge BOC's response to plaintiffs' Interrogatory 21. *See* Letter from L. Wolosky to S. Aberle (Nov. 5, 2014) (Ex. B). Plaintiffs even conceded that the document had been "clawed back." *Id.*

While BOC promptly reminded plaintiffs of their obligations under the Protective Order, *see* Letter from S. Aberle to L. Wolosky at 2 (Nov. 12, 2014) (Ex. C), plaintiffs instead flouted the Order, broadly distributing the last page of the Privileged Document via e-mail to a large distribution list, including numerous members of both the *Wultz* and *Moriah* plaintiffs' teams. *See* E-mail from J. Dunn to S. Aberle (Nov. 13, 2014) (Ex. D); Letter from L. Wolosky to S. Aberle at 1 (Nov. 13, 2014) (identifying clawed-back document as BOC0028687, the final page of Privileged Document) (Ex. E); *see also* Claw-back Letter at 3 (no. 30). BOC demanded compliance with the Protective Order, *see* Letter from S. Aberle to L. Wolosky at 2 (Nov. 21, 2014) (Ex. F), but instead of abiding by the Protective Order, plaintiffs flagrantly asserted their intent to defy it. *See* Letter from L. Wolosky to S. Aberle at 4 (Nov. 23, 2014) ("11/23 Letter") (Ex. G). Indeed, plaintiffs not only refuse to comply with the Protective Order, but they have now propounded what can only be described as informal (and untimely) interrogatories on BOC concerning the Privileged Document and BOC's privileged investigation of plaintiffs' allegations after the filing of the complaint in August 2008. *See id.* at 2. Plaintiffs raised no objections to the Claw-back Letter at the time they received it; they instead waited more than a year to challenge BOC's assertion of privilege over the Privileged Document while continuing to misuse the inadvertently produced documents. *See id.* at 2-3.

BOC's concern that plaintiffs will continue to improperly use the Privileged Document is well founded given both plaintiffs' current actions and plaintiffs' prior conduct in this litigation.

Hon. Shira A. Scheindlin
November 26, 2014
Page 3

Indeed, during the August 13, 2014 deposition of Madame Wang Qi, plaintiffs used a previously clawed back document as a deposition exhibit. Wang Dep. Tr. at 206:21–208:10 (Ex. H). Despite BOC's demand that plaintiffs comply with the Protective Order and stop using the document, plaintiffs instead attached the clawed-back document as an exhibit to a Court filing. *Compare* Pls.' Reply to Def.'s Objections to Aug. 15, 2014 Rulings of Hon. Gabriel W. Gorenstein 3 (Sept. 5, 2014) (citing unredacted, clawed-back version of document attached as Exhibit 6) (Ex. I), *with* BOC's Reply in Further Support of Rule 72 Objection to Aug. 15, 2014 Orders of Hon. Gabriel W. Gorenstein 9 n.4 (Sept. 12, 2014) (alerting the Court of plaintiffs' improper use of clawed-back version and attaching redacted version as Exhibit A) (Ex. J). Plaintiffs' course of conduct demonstrates a blatant disregard for the Protective Order, and should not be tolerated.

Plaintiffs will undoubtedly claim — as they have in the parties' communications — that they may retain BOC's clawed-back privileged documents in order to challenge BOC's claims of privilege. *See* 11/23 Letter at 2-3. Plaintiffs are wrong. The Protective Order provides an avenue for challenging privilege claims at paragraph J.2 by filing a motion to compel. Plaintiff's failed to file such a motion. Even if they had filed a motion to compel, paragraph J.2 does not permit plaintiffs to retain privileged documents pending the Court's ruling on any such motion. But instead of complying with the Protective Order, plaintiffs opted to take an impermissible shortcut: retaining BOC's Privileged Document, and unilaterally making their own privilege determination. Plaintiffs' refusal to search e-mail (including inboxes, sent folders, and deleted items) of persons with access to the Privileged Document and their continued broad dissemination of said document makes their violation all the more egregious. To the extent that plaintiffs waited more than one year to challenge BOC's assertion of privilege over this document — well after the expiration of the deadline for discovery disputes on July 14, 2014 — plaintiffs are foreclosed from raising this untimely argument. *See* Am. Scheduling Order ¶ 1(b), July 29, 2014 (Dkt. No. 586).

In view of plaintiffs' current conduct and past misuse of BOC's clawed-back documents in violation of the Protective Order, BOC respectfully requests relief from the Court pursuant to paragraph Q.4 of the Protective Order. Specifically, BOC asks that the Court order plaintiffs to find and destroy all copies of documents that BOC has clawed back by letter, including all digital and paper copies in possession of any partner, associate, staff attorney, employee, contract attorney, summer associates, paralegals, or other employee, agent, or independent contractor of Boies, Schiller & Flexner LLP and/or Robert Tolchin, and any other person to whom they have disseminated such materials, and certify to the Court the completion of this task. To this end, plaintiffs must search all e-mail (including inboxes, sent folders, deleted items, and any backup storage) for clawed-back documents. Pursuant to paragraph Q.4 of the Protective Order, BOC further seeks attorney's fees and other related costs incurred in attempting to remedy plaintiffs' violation. We also ask the Court to impose any other relief that the Court deems just.

Respectfully submitted,

*/s/ Nathan Alexander*

Nathan Alexander