# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

December 15, 2014

**BY ECF**

Hon. Shira A. Scheindlin
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Wultz v. Bank of China Ltd.*, No. 11-cv-01266 (SAS) (GWG)

Dear Judge Scheindlin:

   We write regarding developments in connection with the depositions of Defendant Bank of China Ltd. ("BOC") employees, currently underway in Hong Kong. In light of the testimony to date of BOC's witnesses, Plaintiffs respectfully request that the Court permit additional time for questioning four teller witnesses who personally conducted numerous banking transactions for the Shurafas, including the transactions that BOC later determined bore suspicious characteristics (the "tellers"). BOC's witnesses have established that tellers at BOC do not occupy simple ministerial positions. Instead, BOC's tellers carry significant, substantive and "front line" AML/CTF compliance responsibilities. Given the importance of the tellers' roles, particularly the tellers who personally serviced the Shurafa accounts, Plaintiffs should be permitted to depose each for one full day rather than the half-day currently ordered.

   Background: On October 31, 2014, the Court fashioned a framework for the parties to schedule a slate of depositions for BOC's employees, including four tellers. After consulting with Judge Katz, the Court concluded that, in the interest of scheduling efficiency, the teller depositions would be double-tracked and limited to a maximum of three-and-a-half hours. The Court's schedule required all four teller depositions to take place in one day and was based on the understanding that questioning of the tellers would be relatively limited and encompass a narrow scope as compared to BOC's higher ranking management witnesses. *See* 10/31/14 Hr'g Tr. at 9:4-7 ("I spoke with Judge Katz about this yesterday. These tellers we both believe did not require 7-hour depositions even with translators . . . . It is a limited set of questions.").[1]

   The Hong Kong Depositions: BOC's witnesses have now established that the original understanding about the scope of the teller's AML/CTF responsibilities, which BOC did nothing to correct in previous discussions with the Court, was inaccurate.

   Lai Zhelang, the Vice President of BOC's Guangdong branch and former General Manager of the Guangdong branch Department of Legal and Compliance, unequivocally testified on December 14, 2014, that tellers are "████████████████

---

[1] Today Judge Katz streamlined the tellers' questioning by ordering BOC provide Plaintiffs, in advance of the teller depositions, with basic information about each teller's position, branch location and date.

Hon. Shira A. Scheindlin     December 15, 2014     Page 2


" Ex. A, (12/14/14 Lai Dep. Tr.) at 53:17-20.[2]  When questioned about the Bank's Know-Your-Customer policies, a critical part of AML/CTF compliance operations, Mr. Lai actually directed Plaintiffs' counsel to examine the tellers on the topic instead:



Ex. A, at 76:11-16.  When asked about the Bank's AML training, Mr. Lai was similarly explicit that



Ex. A, at 52:14-21.  Mr. Lai also clearly testified that

Ex. A, at 132:23-133:2.  When asked about the process by which the tellers would file STRs, Mr. Lai admitted that " ." *Id.* at 133:20.

Plaintiffs' deposition of Jian Yanfang, who served as a period of time as the BOC teller in charge of AML compliance at ZhongShanBalu, the sub-branch where Said and Reem Shurafa did most of their banking (but who did not personally service the Shurafa accounts), confirmed the role that the tellers, *and only the tellers*, played in identifying and analyzing suspicious transactions at BOC.  She testified:



---

[2] With the pace of depositions in Hong Kong, Plaintiffs only have the rough version of Mr. Lai's deposition transcript.  All quotes herein are drawn from that rough version, a copy of which is attached as Exhibit A.

BOIES, SCHILLER & FLEXNER LLP

Hon. Shira A. Scheindlin          December 15, 2014                    Page 3

12/14/14 Jian Dep. at 128:14-21.

Plaintiffs noticed four teller witnesses believing they could offer important testimony about BOC's AML/CTF practices—a belief that has now been confirmed by BOC's management witnesses. The tellers in question, unlike Ms. Jian, processed numerous transactions for the Shurafas. Accounting for introductions, interpretation and limited background questioning, Plaintiffs estimate that under the current schedule they will have the equivalent of a one-hour deposition in English for each of these "front-line" witnesses who personally handled the Shurafa transactions. Depositions of key fact witnesses should not be so severely constrained.

Plaintiffs' Proposal: At the October 31 Conference, the Court gave Plaintiffs the opportunity to seek relief should the tellers prove to be more important witnesses than expected. *See* 10/31/14 Hr'g Tr. at 10:16-17 (THE COURT: "If you then need additional tellers, which Mr. Wolosky alluded to, you will make an application explaining why."). In light of this new information, Plaintiffs respectfully request that the Court expand the current teller depositions to one full, 7-hour day each, including translation. Plaintiffs propose double-tracking two tellers on the currently-scheduled teller day, Friday, December 19, and then deposing one teller each on December 20 and 21, respectively.[3] December 20 and 21 are currently single-track days for deponent Xu Nake, which leaves time for holding a teller deposition on each of those days without disturbing the end date of the Hong Kong depositions (December 21). Your Honor has already ruled that all the teller depositions likely do not need to be supervised by Judge Katz (*see* 10/31/14 Hr'g Tr. at 11:23-25).

Plaintiffs bring this application directly to Your Honor, as the scheduling of the teller depositions was ordered by the Court on October 31, 2014, and as such, appears to be outside the Special Master's discretion to modify. BOC has rejected Plaintiffs' proposal and Plaintiffs have notified Judge Katz of this application.

For the above reasons, Plaintiffs respectfully request the Court schedule a brief emergency conference if deemed necessary to decide this issue, so the parties have sufficient time to make the necessary arrangements.

                                              Respectfully yours,

                                              *Lee Wolosky/DGD*

                                              Lee Wolosky

Enclosures

cc: All Counsel

---

[3] For the Court's convenience, a copy of the current deposition schedule is attached hereto as Exhibit B.