UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHERYL WULTZ et al.,  :

            Plaintiffs,  : ORDER

  -v.-  :

             11 Civ. 1266 (SAS) (GWG)

BANK OF CHINA LIMITED,  :

           Defendant.  :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/14

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

     Before the Court is a letter application dated November 26, 2014 (Docket # 740), from plaintiffs for documents "related to" individuals they have identified as "agents" of the Shurafas. Bank of China Limited ("BOC") has responded by letter dated December 5, 2014 (Docket # 748). The parties also presented arguments at length at a hearing held on December 11, 2014.

     The Court will limit its consideration to the records relating to the three agents identified in plaintiffs' June 13, 2014, document request, whom we will refer to by their number in the request: Person # 1, Person # 2 and Person # 3. See Plaintiffs' Sixth Set of Requests for Production of Documents to Defendant Bank of China Limited, dated June 13, 2013 (annexed as Ex. 1 to Docket # 740), ¶ 19. We make this limitation because this is the only timely document request before the Court. Of the three persons mentioned in the request, two — Person # 1 and Person # 2 — show a strong degree of connection to a Shurafa account holder for whom records were previously required to be produced.

     Person # 1 actually signed account slips and withdrew money on behalf of the Shurafa account holder. He/she also received wire transfers from another Shurafa on three occasions. Copies of his/her identification card appear in the personal accountholder files of one of the Shurafas. He/she was involved in eight wire transfers involving the Shurafas.

     Person # 2 also signed account slips for a Shurafa and withdrew money on the Shurafa's behalf. Copies of his/her identification card similarly appear in the personal accountholder files of one of the Shurafas. Most significantly, there is a letter of authorization signed by a Shurafa authorizing Person # 2 to act as the Shurafa's agent. In addition, there is a declaration by Person # 1 authorizing Person # 2 to act as Person # 1's agent.

     The information as to Person # 3 is much less significant. A copy of his/her identification card appears in one of the Shurafa account files and there is an indication that he/she signed the initial deposit slip for the account for a negligible amount and that he/she signed the initial paperwork to open the account. Thus, the evidence consists solely of showing his/her involvement in the opening of one of the Shurafa accounts. There is no other evidence of his/her connection to the Shurafas.

Case 1:11-cv-01266-SAS-GWG   Document 759   Filed 12/15/14   Page 2 of 2

The connection between Person # 1 and Person # 2 to the Shurafa accounts is unusual and, in this Court's view, reflects a strong connection. The connection is equally as compelling as the connection that was found to have existed as to persons who have been the subject of recent orders requiring the production of account records. See, e.g., Order, dated Sept. 27, 2013 (Docket # 326), at 3-4; Opinion and Order, dated Nov. 15, 2013 (Docket # 393), at 9-11; Memorandum Endorsement, dated December 10, 2013 (Docket # 409). Given the fact that Person # 1 and Person # 2 were acting on behalf of Shurafa account holders, their account records may have evidence highly relevant to this case. The Court does not wish to burden BOC unnecessarily, however. Accordingly, it need only produce the account records of these individuals.

As is true of previous orders requiring the production of account records of Shurafa accounts, the Court concludes that the potential importance of these records outweighs any added threat to comity under the multi-factor analysis under Société Nationale Industrielle Aérospatiale v. United States Dist. Ct. for the Southern Dist. of Iowa, 482 U.S. 522, 543-44 & n.28 (1987), and other case law, see Strauss v. Credit Lyonnais, S.A., 249 F.R.D. 429, 438–39 (E.D.N.Y. 2008). To be sure, the factor involving the origin of the documents favors BOC. And we will not assume that there has been bad faith with respect to BOC's response to recent requests, although it has been found in the past. Nonetheless, all the other factors strongly weigh in favor of production. The documents concern persons with close and unusual connections to the banking activities of the Shurafas. The request is specific and limited. As has been described in prior orders, there is no other means to obtain this information. See Wultz v. Bank of China Ltd., 910 F. Supp. 2d 548, 557-58 (S.D.N.Y. 2012.). Noncompliance with the request "could prevent the vindication of the interests that Congress sought to protect through passage of the [Antiterrorism Act, 18 U.S.C. § 2333(a)]." Wultz v. Bank of China Ltd., 942 F. Supp. 2d 452, 467 (S.D.N.Y. 2013). The countervailing interest of China in maintaining the secrecy of such account records has previously been evaluated and we agree that here too "the balancing of U.S. and Chinese interests weighs heavily in favor of plaintiffs' discovery." Wultz, 910 F. Supp. 2d at 558-59. There is little hardship to BOC from complying with the request as BOC has produced account information for numerous other individuals already and this request involves only two additional persons. Finally, BOC is unlikely to be sanctioned for complying with this Order. See Wultz, 942 F. Supp. 2d at 468.

Accordingly, BOC is directed to produce the account records of Person #1 and Person # 2.

SO ORDERED.

Dated: December 15, 2014
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2