```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHERYL WULTZ et al.,                           :

                Plaintiffs,                    :    ORDER

        -v.-                                   :
                                                    11 Civ. 1266 (SAS) (GWG)
BANK OF CHINA LIMITED,                         :

                Defendant.                     :
---------------------------------------------------------------X
RIVKA MARTHA MORIAH, et al.,                   :

                Plaintiffs,                    :

        -v.-                                   :
                                                    12 Civ. 1594 (SAS) (GWG)
THE BANK OF CHINA LIMITED,                     :

                Defendant.                     :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The deadline for the completion of fact discovery expired on October 13, 2014, with limited exceptions. As reflected in an Order dated November 21, 2014, the Court had hoped that any outstanding discovery could be completed by February 13, 2015 (Docket # 733). The Court accepts that this goal could not have been accomplished in full because of pending Court applications and other circumstances. Accordingly, after review of the parties' recent letters (Docket ## 803, 806, 809, 812), it is hereby ORDERED that any outstanding discovery permitted by the Court's previous Orders shall be completed on the following timetable:

      If Judge Scheindlin denies BOC's pending Rule 72 objection to the January 21, 2015 Order, in whole or in part, then the parties must complete the outstanding discovery 45 days from the date on which BOC produces the required documents. If, however, Judge Scheindlin grants BOC's pending Rule 72 objection, the parties must complete the outstanding discovery within 21 days of Judge Scheindlin's decision granting BOC's objection.

      As for expert discovery, each side shall supply any expert reports to the opposing side within 60 days of the date for completion set forth in the above paragraph, or by June 13, 2015, whichever is earlier, unless a party can show good cause why this deadline should be extended. Expert depositions shall be completed within 45 days from the date expert reports are exchanged.

The parties disagree on what outstanding discovery is still permitted by the Court's prior Orders. It is not the Court's intention to include in this Order a recitation of all outstanding discovery that may be permissibly conducted. Nor will this Order rule on the disputes raised in the parties' recent letters inasmuch as it is not clear that the parties have presented all their arguments regarding the propriety of each such dispute in those letters. Additionally, it appears one dispute is being argued before Judge Scheindlin. Accordingly, any disputes about whether a particular item of discovery is permitted under the Court's prior Orders shall be presented to the Court in a new letter. If the dispute is ripe, it should be presented promptly and in accordance with paragraph 2.A of this Court's Individual Practices. If the dispute is at this point hypothetical, the parties should wait until the dispute actually arises. As guidance to the parties, the Court notes its general view that the only discovery that should be occurring at this point is discovery that could not reasonably have been accomplished by the applicable deadlines contained in the Court's previous Orders.

Notwithstanding the above, the Court understands that the parties have agreed, and the Court will therefore Order, that the following discovery or discovery-related applications are permitted to occur despite the expiration of the fact discovery period. Obviously, these items must be completed by the deadline for non-expert discovery set forth above:

(a) the depositions of Mr. Li Jianyu and Dr. Geng Wei, subject to BOC's right to seek a protective order;

(b) the depositions of Li Xuying, Gan Da, and Huang Dachao if the Plaintiffs continue to seek those depositions and if the Court requires them to sit for their depositions over BOC's objections;

(c) the depositions of Said al-Shurafa and Uzi Shaya, including the parties' direct and cross-examination of those witnesses;[1]

(d) the deposition of Reem al-Shurafa, including the parties' direct and cross-examination of that witness;

(e) the filing of motions, if any, seeking sanctions for alleged spoliation of documents;

(f) the filing of a motion, if any, regarding the unavailability of Uzi Shaya as a witness; and

(g) the parties' resolution of plaintiffs' requests for documents arising out of the December 2014 depositions in Hong Kong as set forth in plaintiffs' letter of February 2, 2015.

---

[1] These depositions may occur during the expert discovery period if they cannot be scheduled prior to that time.

SO ORDERED.

Dated: February 17, 2015
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge