

**LANIER SAPERSTEIN**
(212) 415-9385
saperstein.lanier@dorsey.com

February 20, 2015

<u>BY E-MAIL</u>

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Wultz v. Bank of China Ltd.*, 11-cv-01266 (SAS) (GWG)

Dear Judge Scheindlin:

   We write on behalf of Bank of China, Ltd. ("BOC") regarding plaintiffs' effort to circumvent this Court's oral ruling from the October 31, 2014 conference (the "October 31 ruling") as well as Judge Gorenstein's July 28, 2014 and November 21, 2014 scheduling orders.

   In the October 31 ruling, the Court denied plaintiffs' request to take the oral deposition of BOC employee Zhou You, who now lives and works in Paris, France. Based on plaintiffs' representations to the Court as to why they needed Ms. Zhou's deposition, the Court permitted plaintiffs to serve on BOC a <u>single</u> interrogatory or a notice of deposition on written questions to answer a <u>single</u> question regarding the notes Ms. Zhou took during a 2010 meeting. Instead, plaintiffs served a notice of deposition on written questions with <u>134 questions</u>. (A copy of plaintiffs' notice of deposition on written questions is attached as Exhibit 1.) Even if plaintiffs had complied with the October 31 ruling (which they did not), plaintiffs' notice is untimely under Judge Gorenstein's July 28, 2014 and November 21, 2014 scheduling orders. Accordingly, plaintiffs' notice of deposition on written questions should be quashed.

   **The Facts:** On July 28, 2014 Judge Gorenstein entered a scheduling order which set October 13, 2014 as the close of fact discovery in this case. (*See* Dkt. # 586.) The July 28 Order allowed the parties to "extend the fact discovery deadline without Court order as long as it has no effect on the deadline for the completion of expert discovery." The parties, by mutual agreement extended that deadline to November 14, 2014.

   At the October 31, 2014 teleconference before Your Honor, plaintiffs requested Ms. Zhou You's deposition, but Your Honor denied plaintiffs' request:

> MR. WOLOSKY: I would want to take [Ms. Zhou's] deposition.
>
> THE COURT: I'm sorry. Send her 1 interrogatory request and say these are your minutes, is there anything here that you recall in addition to what you wrote or is there anything here you now find inaccurate. That's all. I'm sorry. To authenticate her own minutes is a waste of time to call that a deposition. You



Hon. Shira A. Scheindlin
Page 2

> may serve her a deposition on written questions attaching that document. To talk about AML when you have already had the chief compliance officer and a director had she is a staff member, is excessive, and I won't grant a deposition of Ms. Zhou.

1/31/2014 Hr'g Tr. at 19:7-17 (relevant excerpts are attached as Exhibit 2. The November 14, 2014 discovery deadline came and went, but plaintiffs did not serve an interrogatory request or deposition notice regarding Ms. Zhou. Six days later, on November 20, 2014, the parties made simultaneous submissions to Judge Gorenstein for a limited extension of the fact discovery deadline. Plaintiffs' November 20 letter (Dkt. # 731, attached as Exhibit 3) listed all of the outstanding discovery, which they separated into three categories: (1) depositions; (2) pending applications; and (3) document productions. Plaintiffs did not include the interrogatory or deposition of Ms. Zhou. The following day, on November 21, 2014, based on the parties' letters, Judge Gorenstein issued an amended scheduling order. (*See* Dkt. # 733, attached as Exhibit 4.) In the November 21 Amended Scheduling Order, Judge Gorenstein was clear that the extension was limited:

> At the point, <u>all that remains of fact discovery is for the parties to complete discovery requests that have already been made.</u> Accordingly, the Court will leave the expiration of the fact discovery deadline in place and will instead set a schedule solely to complete outstanding discovery requests and to schedule expert discovery.

> The remaining depositions in this case - <u>consisting of those discussed in the parties' letters of November 20, 2014</u> - shall be completed by February 13, 2015, with the exception of the depositions of Said al-Shurafa and Uzi Shaya, which shall be completed as soon as possible thereafter if they cannot reasonably be scheduled by such date. (emphasis added.)

At 10:00 p.m. on February 13, 2015—the final day of the limited fact discovery period—plaintiffs served their deposition notice, which contained 134 questions, far more than Your Honor permitted in the October 31 ruling. The notice did not contain a date for the deposition. On February 17, 2015, Judge Gorenstein issued another scheduling order, confirming that the "deadline for the completion of fact discovery expired" but that there are "limited exceptions" for "discovery that could not reasonably have been accomplished by the applicable deadlines contained in the Court's previous Orders." (Dkt. # 813, attached as Exhibit 5.) Ms. Zhou's deposition on written questions does not fall into this category.

**Discussion:** Plaintiffs' notice of deposition should be quashed because it is inconsistent with the Court's October 31 ruling and because it is untimely under the July 29, 2014 and November 21, 2014 scheduling orders.

<u>First</u>, plaintiffs' notice does not comply with the Court's October 31 ruling because the Court only permitted plaintiffs to ask Ms. Zhou a single question: "say these are your minutes, is there anything here that you recall in addition to what you wrote or is there anything here you now find



Hon. Shira A. Scheindlin
Page 3

inaccurate. That's all." Plaintiffs' notice, which includes 134 questions, is inconsistent with Your Honor's instructions and goes far beyond the scope of what was permitted under the October 31 ruling. For example, plaintiffs' notice includes numerous questions that go beyond even the meeting notes themselves. *See, e.g.*, Question 14 ("In your capacity as a BOC employee, on how many occasions have you attended a meeting at the Ministry of Foreign Affairs?"); Question 12(c)(xii) ("Did BOC have a policy or practice that required notes of meetings such as these to be approved by someone before the notes were finalized?"). Indeed, plaintiffs ask 99 questions before asking the *only* question the Court allowed them to ask. Because plaintiffs' notice does not comply with the October 31 ruling, it should be quashed.

Second, even if plaintiffs had served only the single question permitted under the October 31 ruling, their notice still would be untimely under the July 28, 2014 Scheduling Order. Under that Order, the fact discovery deadline was October 13, 2014, which was then extended to November 14, 2014. Plaintiffs therefore had two weeks after the Court's October 31 ruling to serve the notice (or an interrogatory request), but they failed to do so. Plaintiffs served the notice on February 13, 2015, three months *after* the November 14 deadline, but can offer no good reason for their delay.

Third, even if plaintiffs' notice was timely under the July 28 Scheduling Order (it was not), then plaintiffs' notice still was untimely under the November 21, 2014 Order. That Order listed all remaining discovery to be completed by the parties, including the remaining depositions and was based, expressly, on the parties' November 20, 2014 letters. *See* November 21 Order ("The remaining depositions in this case - consisting of those discussed in the parties' letters of November 20, 2014 - shall be completed by February 13, 2015") (emphasis added). Plaintiffs did not include Ms. Zhou's deposition in their list of outstanding depositions in their letter, so it was not incorporated by reference in the November 21 Order. Likewise, the November 21 Order stated that "all that remains of fact discovery is for the parties to complete discovery requests that have already been made." As of the date of the November 21 Order, plaintiffs had not served their notice.

But even giving plaintiffs every benefit of the doubt, namely, that the November 21 Order included plaintiffs' yet-to-be-served notice, then plaintiffs' notice still was untimely because it was served with a mere two hours before the expiration of the February 13, 2015 discovery deadline. The November 21 Order is clear that any remaining depositions must be "completed by February 13, 2015" (emphasis added). Because Ms. Zhou's deposition on written questions was not—and could not have been—completed by February 13, 2015, plaintiffs' notice is untimely under the plain terms of the November 21 Order. *See, e.g.*, *Wantanabe Realty Corp. v. City of New York*, No. 01 CIV. 10137 2002 WL 31075822, at *2 (S.D.N.Y. Sept. 18, 2002) (discovery requests untimely because they were served on the final day of discovery, leaving no time to complete the requests before the close of discovery).

Plaintiffs' notice of deposition should be quashed because it is inconsistent with the Court's October 31 ruling, and because it was not timely served under either the July 28 or November 21 orders.



Hon. Shira A. Scheindlin
Page 4

                                    Respectfully submitted,

                                    */s/ Lanier Saperstein*

                                    Lanier Saperstein

cc:    All Counsel of Record

DORSEY & WHITNEY LLP